SAMUEL, Judge.
This is a suit for personal injuries and property damages resulting from a collision between a pick-up truck, owned by the defendant corporation and driven by its employee, the other defendant, in the course and scope of his employment, and an automobile owned and driven by the plaintiff. Defendants have appealed from a judgment in favor of plaintiff in the total amount of 41,749.10.
In this court defendants contend: (1) plaintiff was guilty of contributory negligence which bars any recovery by him (contributory negligence was pleaded in the answer) ; (2) alternatively, the award allowed plaintiff for personal injuries was ■excessive; and (3) also alternatively, the trial court judgment erroneously allowed two items of special damages. Plaintiff has answered the appeal seeking an increase in the award for personal injuries. He also ■seeks damages for frivolous appeal.
The accident occurred on the Airline Highway in the Parish of Jefferson on August 13, 1959 at approximately 2:30 p. m. The highway at the point of impact consists ■of two lanes for traffic proceeding towards Baton Rouge and two lanes for traffic traveling in the opposite direction, towards New Orleans. Both vehicles were traveling towards Baton Rouge in their right-hand lane, i. e., the lane farther from the center of the highway, and both had previously come to a stop at a traffic semaphore approximately one block from the point where the accident occurred. There were two stopped automobiles, the first with its hood up, in the traffic lane being used by the litigants and plaintiff’s car was struck in the rear by the defendant truck after the former had been brought to a stop because of the stationary automobiles blocking the traffic lane. Both drivers were alone in their vehicles and they, plaintiff and defendant, were the only witnesses who testified to the facts of the accident.
The plaintiff testified that upon observing the two stopped automobiles he came to a gradual stop behind them. About one minute later, while he was considering getting out of his car to find out what was wrong, his automobile was struck in the rear by the defendant truck. The defendant driver testified that he was following the plaintiff’s car about 15 feet behind that vehicle when it came to a sudden stop. He further testified that plaintiff did not give the proper hand signal, and he, the defendant driver, was unable to stop in time to avoid the collision. His truck struck the plaintiff car in the rear and caused it to crash into the automobile immediately in front of it.
 For various reasons which he sets out in his “Reasons for Judgment” the trial judge found the facts to be as related by the plaintiff. Under this finding, with which we agree, the essential facts of the accident are simply that plaintiff brought his car to a gradual stop behind the second of the two cars stopped in his traffic lane and remained in that stationary position for approximately one minute when the defendant truck crashed into the rear of his car. The absence of contributory negligence on the part of plaintiff and defendants’ liability for the damages and injuries caused by the rear-end collision are clear. The giving of a hand signal by the plaintiff could have served no useful purpose; his vehicle had been stopped for approximately a minute before the collision occurred. The sole cause of the accident was the failure of the *346 defendant driver to see the stalled line of traffic in front of him and to avoid the collision. The accident happened during the early afternoon of a clear day and the record contains no reason or excuse for such a failure to observe and avoid.
At the time of the accident plaintiff was 60 years of age and supported himself and his wife by delivering ice. He appears to have been a man of little education and was unable to do any kind of work except such as involved common labor. He experienced a great deal of pain after the accident and attempted to have his family doctor visit him at his home but was unable to contact the doctor until two days after the accident when that physician, Dr. John S. Noell, saw him. Dr. Noell diagnosed his condition as a “whiplash” injury of the cervical spine with multiple abrasions and found objective evidence to support plaintiff’s complaints of severe headache and of pain in the neck and back. Dr. Noell’s prognosis was that plaintiff would be totally disabled for four weeks and partially disabled for three months. Following his doctor’s advice plaintiff received heat treatments, administered by his wife, every night for six weeks, then two or three times a week for two months and later on occasions when the pain recurred. At the time of the trial plaintiff testified that he still experienced incidents of pain from the whiplash injury.
Four months after the accident plaintiff was examined by Dr. Howard Hansen who concluded that he was still suffering from the cervical spine sprain. Ten months after the accident he was examined by Dr. Rufus H. Alldredge at defendants’ request. Dr. Alldredge found no disabling condition and concluded that plaintiff had essentially recovered from any injury he may have had.
Plaintiff did not see Dr. Noell again and he did not receive treatment from any other physician. Although he did so in pain, he returned to his work the day following the accident and did not lose a day from work as a result of the accident. His work included handling 300 lb. blocks of ice and carrying as much as a 100 lb. block. The trial court judgment includes an award of $1,300.00 for personal injuries and it is this award which defendants contend is excessive.
The trial court was impressed by the fact that plaintiff continued to work despite his injuries and despite a great deal of pain and suffering. He continued to work because, as the trial court expressed it, he “ * * * considered his obligation to provide for his family paramount to any personal inconvenience or pain and did actually perform his work for a period of time while experiencing the effects of his injuries. To reduce the quantum of damages for pain and suffering solely for this reason would be inequitable and unjust.”
We believe that if plaintiff’s whiplash had been severe it would have prevented him from performing his work until he had recovered. But we are satisfied that most persons would have been unable, or would properly have refused, to return to work as the plaintiff did. In view of Dr. Noell’s pi'ognosis of total disability for four weeks and partial disability for three months, we are of the opinion that the award of $1,300.00 in not excessive.
The two items of special damages awarded in the trial court judgment and here contested by defendants are a charge of $50.00 (originally $100.00, which amount the trial court considered excessive and reduced to $50.00), for medical services by Dr. Hansen, and a charge of $85.00 for X-rays. Both of these charges were incurred more than four months after the date of the accident. On the day they were incurred plaintiff had gone to see his attorney in Baton Rouge. The attorney referred plaintiff to Dr. Hansen for examination and the X-rays were taken in connection with that examination. Both Dr. Hansen and the doctors who took the X-rays have their offices in Baton Rouge. The plaintiff lived in Kenner, approximately 90 miles from Baton Rouge.
*347 As plaintiff was referred by his attorney to Dr. Hansen for the examination, as the distance between plaintiffs home and the doctor’s office was so great as to negate any contention that the referral was for the purpose of treatment, and as the record is devoid of any evidence to the effect that plaintiff’s visit to Dr. Hansen was for the purpose of treatment, we must conclude the examination was made only for purposes of trial. The same facts and conclusion apply to the X-rays. Therefore neither charge can be allowed. Medical expenses incurred in preparation for trial are not recoverable as damages. Baturo v. Employers’ Liability Assurance Corp., La.App., 149 So.2d 627; McDaniel v. Audubon Insurance Co., La. App., 121 So.2d 531; McCrory v. Great American Indemnity Co., La.App., 92 So.2d 742. The judgment will be reduced accordingly.
We now address ourselves to plaintiff’s answer which seeks an increase in the award of $1,300.00 for personal injuries and his request for damages for frivolous appeal. Under no circumstances can he obtain both. When an appellee has answered the appeal praying for an amendment to the judgment appealed from he is not entitled to damages for frivolous appeal. Smith v. Phillips, 175 La. 198, 143 So. 47.
However, in this case plaintiff filed his answer much later than fifteen days after the return date or the lodging of the record as required by LSA-C.C.P. Art. 2133. For that reason the request for an increase cannot be, and is not, considered even though our consideration of defendants’ request for a decrease has convinced us that the award is neither excessive nor inadequate.
Regardless of any other consideration, the fact that defendants have been successful in obtaining the disallowance of two items awarded in the trial court judgment is in itself sufficient to require us to refuse to award damages for frivolous appeal.
For the reasons assigned the judgment appealed from is amended only insofar as to reduce the total award from $1,749.10 to the sum of $1,614.10. As thus amended, and in every other respect, the judgment appealed from is affirmed; defendants to pay costs in this court
Amended and affirmed.