169 So.2d 71

**Charles WINFREE et al.**

**v.**

**CONSOLIDATED UNDERWRITERS.**

No. 47332.

Nov. 13, 1964.

Nathan A. Cormie & Associates, Nathan A. Cormie, Richard B. Cappel, Lake Charles, for plaintiffs-applicants.

Hall, Raggio & Farrar, R. W. Farrar, Jr., Lake Charles, for respondent-defendant.

FOURNET, Chief Justice.

We granted a writ of certiorari in this case [1] on the application of the plaintiffs Charles Winfree and his wife, Lynn Tullos Winfree, to review the judgment of the Court of Appeal, Third Circuit, reducing

1. This is one of the cases referred to in the consolidated cases of Ballard v. National Indemnity Company of Omaha, Nebraska (Craft v. National Indemnity Com- pany of Omaha, Nebraska,) identified in Footnote one of that opinion. See, 246 La. 963, 169 So.2d 64.

the award from $8,795 to $3,795 to Winfree and the one to Mrs. Winfree from $3,085 to $1,585 for whiplash injuries they sustained as a result of a rear end automobile collision on April 4, 1962, in Lake Charles, Louisiana. This case was tried by jury and the amount of $795 in the award to Winfree was for special damages, as was the $85 in the case of Mrs. Winfree; clearly, then, the sums of $8,000 and $3,000, respectively, were awards for pain and suffering. See, La.App., 163 So.2d 377.

The principles of law applicable to this case are fully set out in the case of Ballard v. National Indemnity Co. of Omaha, Nebraska, No. 47,152, this day decided, and consolidated with this one for argument, and it would serve no useful purpose to reiterate them here.

Counsel for plaintiffs contend the Court of Appeal, in reducing the awards, erred inasmuch as it applied the "discarded rule of uniformity" as enunciated in Cassreino v. Brown, La.App., 144 So.2d 608, which they insist was reviewed disapprovingly by this court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.

While we did not specifically overrule the Cassreino case in our recent decision in the Gaspard case, in effect we did so, and insofar as it classifies whiplash injuries in three categories with a fixed award for each category, we now specifically overrule that case.

While it is true the Court of Appeal in reaching its decision used as a guide the categories set forth in the Cassreino case, after a careful study and analysis of the opinion of the Court of Appeal, it is apparent the Court was attempting to determine whether these awards were out of proportion with those given in other cases having somewhat similar facts and circumstances, and after thoroughly analyzing the injuries of the plaintiffs, the medical testimony in relation thereto, and other pertinent evidence, concluded the awards of $8,000 to Winfree and of $3,000 to Mrs. Winfree were excessive and that the jury abused its discretion in making such awards. From our appreciation of the facts and circumstances in this case, we are in agreement with the Court of Appeal.

According to the facts found by the Court of Appeal as to the injuries, pain and suffering sustained by Winfree as a result of the accident, we think the award in the lower court was excessive and the jury abused its discretion, and the award of the Court of Appeal was fair and adequately compensated him for his injuries.

The facts upon which the Court based its decision were summarized thusly: "Viewed in the light most favorable to Mr. Winfree, we see that he suffered a moderate whiplash injury which never required any more than conservative treatment with muscle

relaxants, pain drugs and physiotherapy. The pain was not initially nor subsequently of sufficient severity to require more drastic treatment such as traction or a cervical collar. The seven days hospitalization was not causally related to the injury but was required by a virus infection. The duration of the residuals was eleven months."

In reducing the award to Mrs. Winfree, the Court reasoned, after fully analyzing all of the evidence contained in the record, " * * * we are of the opinion that Mrs. Winfree suffered as a result of the accident only slight pain, which was cured without residuals in a few months, * * *" and we think the award of $1,500 is fair and adequately compensates her for the injuries she suffered.

The record discloses Mrs. Winfree was absent from work for only one day, which was the day after the accident, so she could consult Dr. Charles V. Hatchette, an orthopedist. He found she had suffered "some stretching of the neck muscles" and that her complaints were exaggerated by an emotional problem which had necessitated ten previous visits to a psychiatrist; of pertinence is the fact that after the accident she consulted him but once so it is obvious the emotional problem was not exaggerated by the injury. She was administered several physiotherapy treatments. Dr. Robert C. L. Robertson, a neuro-surgeon of Houston, Texas, exam-

ined her approximately nine months after the accident and found a slight abnormality of the cervical curve which in his opinion was caused by tension and was not a residual effect of the accident. Dr. Norman Morin, an orthopedist, examined her ten months after the accident and found absolutely no residuals.

For the reasons assigned, the judgment of the Court of Appeal is reinstated and made the final judgment of this court.

169 So.2d 73