174 So.2d 280 (1965)
Mary MILLER et al., Plaintiffs-Appellants,
v.
CENTRAL MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 1395.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1965.
Nichols & Drewett, by J. Clem Drewett, Lake Charles, for plaintiff-appellant-appellee.
Plauche & Plauche, by A. L. Plauche, Lake Charles, Hall, Raggio & Farrar, by R. W. Farrar, Jr., Lake Charles, for defendant-appellee-appellant.
Before TATE, FRUGE, and SAVOY, JJ.
*281 TATE, Judge.
The plaintiffs were injured while riding as passengers in an automobile. They were awarded judgment against the liability insurer (Central Mutual) of their driver. They appeal as inadequate the awards of general damages to them. This is the sole issue of this appeal.
With regard to this issue, the trier of fact has much discretion in the award of general damages for personal injuries, and this discretion should not be disturbed upon appellate review in the absence of an abuse of it. LSA-Civil Code Art. 1934(3); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64 (Docket No. 47,152; November 13, 1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
As the Ballard case states, 169 So.2d 67, where quantum is an issue on appeal, the appellate court should "review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the `much discretion' vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. * * * The amounts of awards in so-called `similar' cases are relevant only to determine whether there has been an abuse of discretion, but for no other purposethat is, to determine whether the award is so excessive or so inadequate as to be an abuse of discretion."
Aside from special damages, Mary Miller and Sally Webb were awarded general damages of $1250 and $1000 respectively for contusions, low back, and neck pains. The trial court found these had persisted at the most about three and one-half months. The trial court based this conclusion upon the opinions of examining orthopedists (Drs. Ambrister and Schnieder) that the plaintiffs were exaggerating their complaints of pain, as well as upon its own evaluation of the plaintiffs' credibility, considering their course of conduct and also that there were no objective symptoms of other than initial or the claimed residual back and neck pain, alleged headaches, etc. Under these findings of fact, the awards of the trial court were within its discretion and are not subject to appellate revision as an abuse thereof. See, e. g., Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71 (syllabus 2); Anderson v. Fontenot, La.App. 3 Cir., 163 So.2d 366; Fontenot v. Snow, La.App. 3 Cir., 149 So.2d 172.
The only remaining question, then, is whether the trial court committed manifest error in accepting testimony indicating so short a duration of the residuals of the accident.
The plaintiffs' able counsel argues with considerable force that the trial court was in manifest error in this respect, basing this contention essentially upon the strong testimony by the attending orthopedist that the plaintiffs' complaints of pain were sincere. The attending physician based his conclusion upon his observation of the plaintiffs in the approximately twenty occasions during a period of five months after the accident when he treated them, following which he initially discharged them as fully cured.
Except for one intervening visit by Mary Miller, neither of these ladies thereafter reported back for further treatment or observation or examination by their doctor until after suit was filed, some eleven months after the accident. Nevertheless, on these later examinations, the attending orthopedist felt there was a continuation or reoccurrence of their symptoms of neck and low back pain, as he likewise did on his examination of the plaintiffs on the eve of the trial eighteen months after the accident.
The physician's evaluation was based essentially upon his evaluation of the plaintiffs' credibility as sincere. However, in the *282 case of Sally Webb, the doctor found a diminished Achilles reflex or "ankle jerk," an objective symptom indicative of a relatively severe back condition; but due to the delayed appearance of the symptom so long a time after the accident, the physician felt it to be "problematical" whether there was any causal connection between it and the injuries received in the accident. Tr. 175, 179. (Another orthopedist examining Sally Webb subsequently did not find this diminished reflex, but felt instead that the reflexes were normal. Tr. 232-233.)
The other orthopedists testifying felt that it was unlikely that there could be a causal connection between the accident eleven months before and the reappearance of symptoms (if genuine) after so long a period of remission, some six months after the initial discharge of the plaintiffs as cured.
Thus, we find three orthopedists, all testifying with equal objectivity, differing among themselves whether the plaintiffs' complaints of residual pain were sincere, and even whether there was present the sole objective symptom relied upon, the diminished Archilles reflex (which is of doubtful causal connection with the accident, if present, it is to be remembered).
Essentially, then, the duration and severity of the plaintiffs' injuries depends upon the veracity of their subjective complaints of pain. Had the trial court accepted their testimony and that of their attending physician, the plaintiffs would have been entitled to a much greater award, and we do not think we could say that error was committed. Likewise, however, we are unable to say that the trial court erred, when it rejected such testimony for reasons in the record which appear adequate (including, for instance, the pronounced exaggeration from the start of the plaintiffs' complaints, conduct on their part in connection with medical treatment which the trial court could properly evaluate as a desire to build up their claim rather than to secure relief from pain, the coincidence of their reporting again for medical treatment a few days after filing suit after finding such unnecessary for six months, the complete lack of objective symptoms, the trial court's evaluation of the plaintiff's personal veracity after a day of trial, and the negative testimony of the two orthopedists who examined the plaintiffs for the defendant.)
For, ultimately, the determination of whether a claimant suffers subjective pain is a question for the trial court, not the medical witnesses, whose informed opinions on the question are of weight, but not controlling. Vidrine v. American Employers Insurance Co., La.App. 3 Cir., 129 So.2d 288. As stated in Corral v. Crawford Homes, Inc., La.App. 1 Cir., 113 So.2d 820, 823: "* * * insofar as the ultimate conclusion of the medical witness as to a claimant's disability is based upon his own evaluation of said claimant's sincerity, the trial court is free to consider and accept other medical and/or lay testimony and reach a differing ultimate conclusion as to the sincerity or not of the claimant's complaints of pain."
Applying the well settled rule that appellate courts should not disturb factual determinations or credibility evaluations by the trier of fact in the absence of manifest error, we therefore affirm the trial court's evaluation of the testimony, under which the award made for injuries of such short duration was within its discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be paid one-half by the plaintiffs-appellants, and one-half by Central Mutual (since the latter defendant likewise perfected an appeal).
Affirmed.