HOOD, Judge.
Eulice Kibodeaux, individually and in behalf of his minor daughter, Audry Faye Kibodeaux, instituted this action for damages for personal injuries sustained by his daughter as a result of a motor vehicle collision. The Travelers Insurance Company is the sole defendant in the suit. The case was tried by jury and it resulted in a verdict for plaintiff, individually, for $1250.00, and in his favor, for the account of his minor daughter, in the sum of $5000.00. Defendant has appealed.
The defendant admits liability, and the sole question presented relates to quantum.
The accident occurred in the afternoon of February 20, 1964, at a street intersection in the City of Lake Charles. An automobile, which was being driven by plaintiff’s seventeen year old daughter, Audry Faye Kibodeaux, was struck in the rear by a pickup truck being driven by the defendant’s insured. The damages to the two vehicles were of a relatively minor nature, and neither the driver of the following truck nor the sole passenger in the Kibodeaux car was injured. Considering all of the facts, we are convinced that the truck was not traveling at a fast rate of speed when the collision occurred.
Miss Kibodeaux experienced no discomfort immediately after the accident occurred, and she did not know that she had received an injury until the next morning when she awoke and felt pain in her neck. She attended school that day, which was a Friday, but her neck pains increased during the day. On the following morn *85 ing, February 22, she consulted her family physician, Dr. Harry S. Snatic, who gave her an antispasmodic drug for muscle ■spasm and some diathermy treatments. Her -neck pain continued to increase, and Dr. Snatic hospitalized her on February 24. She remained in the hospital for five ■days, during which time her treatment consisted of cervical traction and the administration of antispasmodics. About two days after she was admitted to the hospital she for the first time noticed some pain or discomfort in the low back area, and .after that time Dr. Snatic treated her for both the neck and the back complaints. She was discharged from the hospital on February 28, and thereafter she went to Dr. Snatic’s office periodically for diathermy •treatments and muscle relaxant drugs. The •doctor discharged her on July 20, 1964, or five months after the accident, as being ■fully recovered. She returned to Dr. :Snatic for examinations on August 13 .and August 31, 1964, shortly before this suit was filed, and she again returned to 'him for diathermy treatments and medication on April 15 and April 19, 1965. She was examined by Dr. Norman P. Morin, .an orthopedic surgeon, on April 21, 1965.
Miss Kibodeaux concedes that she fully •recovered from her neck injury within “two weeks, if that long,” after the accident, but she testified that she has continued to suffer pain in her back when she does heavy house work, after she had ■done a lot of typing while in a sitting position, or when she wears high heels. She testified that when her back bothers her after much typing she has to get up and “kind of walk around and then it will pass.” She also stated that she has worn high heels on only two occasions since the .accident, once at her graduation exercises in May, 1964, and the last time in April, 1965. She, of course, was being treated by Dr. Snatic for her back condition on this first occasion, and she testified that •it was because of the back pain occasioned .by the second experience in wearing high heels that she returned to Dr. Snatic for two more treatments.
Miss Kibodeaux returned to school on the Monday after her release from the hospital, and she continued to attend school, without interruption, until she graduated the following June. She states, however, that after the accident she was unable to “take any physical activities at all at school.” She resumed driving the family automobile a “few days” after being released from the hospital.
Dr. Snatic, a general practitioner, found no objective signs of injury or disability, except that he found “considerable muscle spasm in her neck” when he first saw her. He concluded that as a result of the accident she had sustained a “moderately severe whiplash injury,” from which she has fully recovered. He also felt that she sustained a “mild to moderate lumbosacral strain at the time, which has not properly subsided.” He stated that “this apparently has set up as a chronic irritant there in the low back and oftentimes these people will complain of these low back injuries for a long time, even though there is nothing that you can find to account for it.”
Dr. Morin, following a complete orthopedic examination made on April 21, 1965, concluded that at that time Miss Kibo-deaux had completely recovered, with no residual disability, from the injury which she sustained on February 20, 1964. From the history which she gave him, including the fact that she did not experience severe pain immediately after the accident, he concluded that she had sustained a mild lumbosacral strain as a result of the accident, and that she had completely recovered from that injury. On the date this examination was made, Dr. Morin employed Miss Kibodeaux to work as a receptionist in his office, and she was still working for him in that capacity at the time of the trial. The doctor stated that because of this employer-employee relationship it was a most unhappy occurrence *86 for him to have to testify in opposition to her interest in this case.
Although Miss Kibodeaux was hospitalized for a period of five days and was placed in neck traction during that time, the evidence shows that it has never been necessary for her to wear a neck brace or a back brace of any kind. She has missed no school, except for the five days during which she was hospitalized, and she was able to resume driving her automobile shortly after being released from the hospital. After June 1, 1964, she did not fill or refill any prescriptions which had been given to her by her treating physician, and she did not seek medical treatment after July 20, 1964, except for the two treatments which she received from Dr. Snatic in April, 1965. We are convinced that she has not suffered great or disabling pain since being discharged by Dr. Snatic.
Where quantum is an issue on appeal, the appellate court should review all of the facts and circumstances on which the lower court based the quantum of award to determine whether there has been an abuse of the “much discretion” vested in the trial judge or jury in assessing damages. It may and should consider the amounts of awards in other cases insofar as they are relevant to the question of whether the judge or jury has abused its discretion in fixing the award in the case under consideration. If the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. See Gaspard v. LeMaire et al., 245 La. 239, 158 So.2d 149; and Ballard et ux. v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64.
With the rules applied in the Gaspard and Ballard cases in mind, we have reviewed all of the facts and circumstances relating to Miss Kibodeaux’s injuries, and we have considered the amounts of awards in “similar cases.” In our opinion, the following cases involve injuries somewhat similar to those sustained by plaintiff’s daughter in this case: Miller et al. v. Central Mutual Insurance Co., La.App. 3 Cir., 174 So.2d 280, where awards of $1250.00 and $1000.00 were affirmed; Crisler et al. v. American Motorists Insurance Co., La.App. 2 Cir., 177 So.2d 187, affirming an award of $1000.00 where plaintiff was hospitalized for thirteen days and her complaints of pain extended over a period of a year; Hester et ux. v. Stewart et al., La.App. 1 Cir., 177 So.2d 430, where an award of $7000.00 was reduced to $4000.00 for injuries more serious than those presented here; Fontenot v. Travelers Insurance Co. et al., La.App. 3 Cir., 179 So.2d 520, affirming an award of $500.00 where plaintiff was hospitalized on two occasions, totalling eleven days, and has continued to complain of nervousness and pain in her back and shoulder; Lambert v. Faucheux Chevrolet Co., Inc., et al., La.App. 4 Cir., 161 So.2d 344, where plaintiff was totally disabled for four weeks, partially disabled for three months, and an award of $1300.00 was affirmed; Davis v. Travelers Indemnity Co. of Hartford, Connecticut, et al., La.App. 2 Cir., 165 So.2d 520, affirming an award of $1000.00 for severe sprain of the back which necessitated hospitalization and traction for eight days and disability to work for four weeks; Ruiz v. Landreneau et al., La.App. 1 Cir., 170 So.2d 671, involving a sprain of the cervical and lumbar spine for which plaintiff was hospitalized six days and wore a neck brace a short time, and for which an award of $1500.00 was made; Jackson et ux. v. Indiana Lumbermen’s Mutual Insurance Co. et al., La.App. 2 Cir., 175 So.2d 349, involving an award of $3000.00 for injuries which necessitated hospitalization for twenty days and confinement to bed for several weeks; and Evans v. Thorpe et al., La.App. 2 Cir., 175 So.2d 418, where an award of $3000.00' was made for all damages, including loss of wages, to a fifty-one year old common laborer who was hospitalized with cervical traction for one week, wore a cervical collar after his release from the hospital, and suffered pain for several months.
*87 Plaintiff cites and relies on the cases of Winfree et al. v. Consolidated Underwriters, La.App. 3 Cir., 163 So.2d 377 (affirmed on cert. 246 La. 981, 169 So.2d 71), where awards of $8000.00 and $3000.00 were reduced to $3000.00 and $1500.00, respectively; Watts v. Delta Fire & Cas. Co., La. App. 1 Cir., 106 So.2d 752, affirming an award of $3500.00; and Stroud v. State Farm Mutual Automobile Ins. Co., La.App. 2 Cir., 140 So.2d 693, where an award of $7500.00 was reduced to $5000.00. The injury for which the larger award was made in the Winfree case was of a more serious nature than that involved in the instant suit, since the residuals from that injury extended over a longer period of time. The injury for which the $1500.00 award was made in that case was less severe •than that sustained by plaintiff’s daughter in this instance. The injuries sustained by the plaintiff in each of the other cited cases were considerably more serious than were the injuries involved in this suit. We cannot agree with plaintiff, therefore, that these cases support the award which was made by the trial court in this instance.
After considering all of the evi•dence, we conclude that the award made by ■the jury in the instant suit is all out of proportion with previous awards made for ■somewhat similar injuries, and that the jury abused its discretion by making an •excessive award. In our opinion the award for the pain and suffering and the injuries sustained by Miss Kibodeaux should be reduced from $5000.00 to $2500.00.
The evidence also does not support the .award made to plaintiff, individually or for the community, as special damages. In our opinion special damages amounting to $854.32 were established, and the judgment should be amended by reducing the award of special damages to that amount.
For the reasons herein set out, the judgment appealed from is amended by reducing the award made to Eulice Kibo--deaux, for the community, from $1250.00 to the sum of $854.32; and by reducing the award made to Eulice Kibodeaux, on behalf of his minor daughter, Audry Faye Kibodeaux, from $5000.00 to the sum of $2500.00. In all other respects, and as thus amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellee.
Amended and affirmed.