TATE, Judge
(concurring).
All five judges of this court have read the record. A majority of the court (although not of this panel) agrees that the trial court’s award of $5,000 for the plaintiff wife’s neurosis should be reduced to $2,000.
The medical and lay evidence shows that for at least six months Mrs. Barlow suffered from a recurrence of a pseudoneu-rotic schizophrenia triggered by the accident. In earlier episodes of former years, this mental condition had caused her to be hospitalized for shock treatments and had even caused the break-up by divorce of her marriage. Fortunately, at least until the accident reactivated the latent tendencies, Mrs. Barlow and her husband had reunited, and at the time of the accident she was a successful and loved wife, mother, and civic leader.
The activation of the symptoms through the accident was not felt by the trial judge to be as minor as pictured by the majority opinion. My brother Frugé and myself do not feel that the trial court abused its great discretion as to general damages by awarding $5,000 to Mrs. Barlow on the basis of the aggravation’s symptoms and effects pictured by this record.
While Mrs. Barlow may have been treated only six or seven times in the doctor’s office, she suffered constantly, whether in the office or at home. According to the psychiatrist and the lay testimony, she became ineffective as a wife and as a mother; she just could not handle the ordinary problems of day to day living due to the emotional upheaval resulting from the trauma-activated recurrence of her schizophrenic condition. Her life became stormy and unhappy, she feared for her marriage and quarreled constantly with her husband and children, she became disaffected with her church and her Sunday school, she was terrified she was going to lose her mind and have to be institutionalized again, she was depressed and in tears much of the time, and the attending psychiatrist even became concerned about the possibility that she might harm herself.
All these effects flowed from the emotional trauma of the accident and its pre *327 cipitation of her latent mental tendencies into breakdown. Fortunately, almost by miracle and with the great assistance of the sympathetic understanding of her husband, the condition suddenly lifted after six months. Nevertheless, Mrs. Barlow is entitled to recovery for her sleepless nightmare of the six months of schizophrenia she suffered.
None of the cases relied upon by the majority concerned aggravations as serious as this, with the possible exception of Le Jeune (105 So.2d 327), which awarded $3,500 for trauma-aggravated depression which does not seem to be as serious as the trial court could reasonably conclude the present plaintiff’s condition was.
Furthermore, if the decisions of our Supreme Court in Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64 and Gaspard v. LeMaire, 245 La. 239, 158 So. 2d 149, mean what they say, each case should be judged solely on its own facts and awards should not be fixed solely to maintain uniformity, with the sole question on appeal being whether the trial court abused its great discretion in the award of general damages. As the Chief Justice noted in Ballard, 169 So.2d 64, 67: “Strictly speaking, in the review of the damage assessment the general evidential rules of preponderance of evidence or manifest error are not pertinent and are without application, since the only question is whether the lower court abused its discretion in assessing the damages.”
Under this criteria, my brother Frugé and myself did not feel the award should be reduced. However, we yield to the majority of the court only in order to prevent further delay and avoid the necessity of reargument, also bowing to the position of the majority of this court which over our dissents reduced awards in the Ballard and Craft cases (159 So.2d 770 and 159 So.2d 763), in Winfree (Winfree v. Consolidated Underwriters, La.App., 163 So.2d 377), and in Rusk (Rusk v. Allstate Ins. Co., La.App., 167 So.2d 205), with the approval of the Supreme Court (Ballard and Craft, 246 La. 963, 169 So.2d 64; Winfree, 246 La. 981, 169 So.2d 71; and Rusk, 246 La. 878, 168 So.2d 104). We nevertheless reiterate our position chiefly because, by granting writs of review in Lomenick v. Schoeffler, 249 La. 1026, 192 So.2d 372 (December 12, 1966), to review this court’s decision, 191 So.2d 315, our Supreme Court may have indicated that it wishes to take a fresh look at whether our intermediate appellate courts have correctly construed and are correctly applying its directives as to the proper function of appellate review of general damages as set forth by the high court in Gaspard v. LeMaire and Ballard and Craft v. National Indemnity Company.
For these reasons, we concur in the opinion although we disagree with it.