HOOD, Judge.
This is an action for damages for personal injuries sustained by plaintiff as the result of a rear end motor vehicle collision. Judgment on the merits was rendered by the trial court in favor of plaintiff, awarding him $1,000.00 for pain and suffering, $116.00 for medical expenses and $75.00 for repairs to his automobile. Plaintiff has appealed.
The defendant admits liability, and the sole question presented on this appeal is whether the award made by the trial court for pain and- suffering should be increased.
The accident occurred during the noon hour on April 19, 1966, near a street intersection in the town of Marksville. Plaintiff’s automobile was struck from the rear after he brought it to a stop at the intersection. He contends that as a result of this collision he sustained a whiplash type injury to his neck which has caused him to suffer pain and discomfort since that time.
Plaintiff is 47 years of age. He was employed as a retail salesman for a lumber yard at the time of the accident, and he has continued to work regularly at the same job and for the same employer since that time. The duties of his employment require him occasionally to lift lumber and other heavy objects. He testified that he sustained an injury to his back in 1955, and he sustained other injuries to his back “two or three or four times after that,” but that he had recovered from all of these earlier injuries before the occurrence of the accident which gave rise to this suit.
The evidence shows that Newman experienced some stiffness and pain in his neck, shoulders and back shortly after this accident occurred. He was examined and treated by Dr. S. R. Abramson, a general practitioner, late in the afternoon of the date of the accident and on April 21, 25 and 29, 1966, the treatments consisting of the administration of drugs and diathermy. He also was treated by Dr. W. Luther Stewart, an osteopathic physician, on May 2 and May 6, 1966, the treatment consisting of manipulation, traction, anodines and relaxants. The medical treatment which Newman received on the above mentioned dates is the only such treatment he sought or received for the injuries which he sustained on April 19, 1966. During all of that time, including the afternoon of the date of the accident, plaintiff continued to work regularly at his job in the lumber yard, performing all of his regular duties, except that he required and received help in doing some of the lifting which he formerly had done without assistance.
Plaintiff was involved in another accident on May 9, 1966, about 20 days after the automobile collision hereinabove de *757 scribed had occurred. On this last mentioned date he fell about four feet off a truck, landing on his back. He sustained a low back injury as a result of that accident, and he was treated on a number of occasions by Dr. Abramson and by Dr. Stewart for that injury. He and the doctors testified, however, that the medical treatment administered on and after May 9, was solely for the back injury which plaintiff sustained on the last mentioned date, and that he was not treated at any time after May 6 for the neck injury which is the basis for this suit. The defendant in the instant suit, of course, is not responsible in damages for the injuries which plaintiff sustained as a result of the second accident. Plaintiff contends that he has now fully recovered from the back injury which he received on May 9, but that he still suffers pain in his neck and shoulders when he raises his arms above his head.
The medical evidence consists of the testimony of Dr. Abramson and Dr. Stewart, the treating physicians, and the testimony of Dr. T. E. Banks, an orthopedic surgeon who examined Newman on May 6 and on August 31, 1966, and of Dr. Daniel M. Kingsley, another orthopedic surgeon who examined plaintiff on May 20, 1966, and on two other later occasions. Dr. Abramson diagnosed plaintiff’s injury as a “lumbar and thoracic spine strain.” He has not examined plaintiff for that particular injury after April 29, 1966, and he made no prognosis as to when he would fully recover from the pain and discomfort of which he now complains. Dr. Stewart diagnosed his injury as “acute sprain of the upper dorsal and cervical spine, the moderate sprain in the lumbosacral region.” He testified that when he last treated plaintiff for this injury on May 6, 1966, “he had made a sufficient amount of improvement and I didn’t think it would be necessary for him to come back.” He felt that plaintiff could return to his occupation on that date, avoiding heavy lifting at first, but gradually increasing his activities until his complete recovery, which the doctor anticipated would be within three to six months after the accident.
Dr. Banks testified that on his first clinical and x-ray examination, made off May 6, he found no abnormalities which could be attributed to this accident, but that “It’s possible that he would be having some discomfort on straining, or on hyperextension,” but that he “didn’t think it was severe at all,” and that “an estimate of 6 or 8 weeks was given as a possible time interval from the time that I saw him, for recovery.” On the second examination made by Dr. Banks on August 31, he stated that plaintiff “was not really complaining of severe pain,” but that it “was more of a pulling sensation on lifting objects above a certain level.” He felt that the “pulling sensation” could be eliminated within a couple of weeks by an injection but that even without that treatment it should clear up within a period of from one to six weeks. Dr. Kingsley found no residual injury or disability which could be attributed to the automobile accident of April 19, 1966.
All of the medical experts agree that the injury which plaintiff sustained is of a temporary nature. And, as we have already pointed out, it has not disabled him from continuing to work regularly at his employment, even though he has required more assistance in doing heavy lifting than he formerly required. Plaintiff testified at the trial, which took place almost seven months after the date of the accident, that he still experiences pain in his neck and shoulders when he raises his arms over his head, but he described the pain as being “slight pain,” and “I wouldn’t class it as pain until it’s reactivated — anytime I get to use my arms above my shoulders.” He also testified that the pain or discomfort he now has is “slacking off.”
The evidence convinces us that plaintiff sustained a lumbar and thoracic spine sprain as a result of the accident, that the injury is of a temporary nature, that he suffered moderate to moderately severe pain for ap *758 proximately two weeks after the accident occurred, but that since that time the pain or discomfort has gradually subsided until it constituted only slight pain or discomfort by the time of the trial. The residual pain or discomfort which he had at the time of the trial should disappear within seven or eight months after the accident occurred.
Plaintiff argues that under our jurisprudence an award of $1,000.00 under the present circumstances is improper, citing Winfree v. Consolidated Underwriters, 163 So.2d 377 (La.App. 3d Cir. 1964) and Cassreino v. Brown, 144 So.2d 608 (La.App. 4th Cir. 1962). He contends that the injury which he suffered falls into the second “category” of whiplash type injuries as outlined in Cassreino v. Brown, supra. Plaintiff apparently has overlooked the fact that writs were granted in the Winfree case and, following a hearing on those writs, our Supreme Court (although affirming the result reached in Winfree) discarded the “category” approach which was enunciated in Cassreino v. Brown and which was followed by the Court of Appeal in Winfree. In so doing, our Supreme Court specifically overruled Cassreino v. Brown, one of the cases on which plaintiff relies. See Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71 (1964); see also LSA-C.C. art. 1934(3); and Ballanga v. Hymel, 247 La. 934, 175 So.2d 274. We thus reject as unsound plaintiff’s contention that the cited jurisprudence requires a higher award under the facts and circumstances in the instant suit.
After considering all of the evidence, we are convinced that there has been no abuse of discretion on the part of the trial judge in awarding plaintiff the sum of $1,000.00 for pain and suffering as a result of this accident.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.