PER CURIAM.
As authorized by Section 25 of Article VII of the Louisiana Constitution of 1921, LSA and by LSA-R.S. 13:4449, and in compliance with Rule XII, Section 4, of the Supreme Court, this court applies to the Plonorable, the Supreme Court of Louisiana, for instructions of a question of law arising in the above captioned appeal.
L. Wayne Sylvester and his wife, Barbara Landry Sylvester seek damages from Fogleman Truck Lines, Inc. and its insurer, Liberty Mutual Insurance Company for the death of their two minor children resulting from a January 9, 1968 accident which occurred about two and one-half miles south of Ville Platte, in Evangeline Parish.
It was stipulated that defendants were liable for the wrongful deaths and that there was no claim for pain and suffering on the part of the children before their demise. The only issue both at trial and before us is: What damages shall be awarded to plaintiffs?
*64 The trial court awarded $30,000 to each parent per child or $120,000, plus stipulated medical and funeral expenses of $4,-878.40. Defendants have appealed.
The question of law upon which we desire instructions relates to two principles of law, one of which requires that we reduce the trial court’s award while the other allows us to affirm.
On the one hand, we must review the law and the facts and compare the trial court’s award with awards made in cases involving similar losses. When the award is out of proportion with those given in other cases having somewhat similar facts and circumstances, we are to adjust the award. Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71 (1964); Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960).
On the other hand, we are admonished that there can be no categorization for the purpose of appellate adjustment of the amount of damage awards; that in reviewing the law and the facts we must give effect to the basic law set out in LSA-C.C. Article 1934(3) that in the assessment of damages in cases of offenses and quasi offenses “much discretion must be left to the judge or jury.” This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 at 132 (1967) ; Ballard v. National Indemnity Company, 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
If we are bound by the first principle, we would reduce the awards to either $15,000 per parent per child for a gross award of $60,000 plus specials [1] or $20,000 per parent per child for a gross award of $80,000 plus specials.[2]
Should we follow the second principle, we would affirm the trial court’s award.
The members of this court are equally divided in their opinions as to which of these two principles should be applied.
Since the parties have stipulated the amount of special damages sustained by plaintiffs as a result of the injuries and deaths of their children, the only issue presented is the alleged excessiveness of the trial court’s award of general damages for the loss of love and affection and for plaintiffs’ own mental pain, suffering and anguish caused by these deaths.
At the June 20, 1969 trial, some seventeen months post accident, Sylvester was 33 years of age and his wife was 28. Three children had been born to their marriage, Elizabeth Claire, age 12 when she was killed, Johnny Wayne, age 11 when he was killed, and Christine, age 10 at the time of the accident. Each of these children was born in the month of August, and it was a family tradition to celebrate their birthdays at one party each August.
When the accident occurred, Mrs. Sylvester was returning to her Eunice home from a dental appointment. She was critically injured and her daughter Christine was seriously injured. Johnny died approximately two hours following the accident, and Claire died approximately twenty-one hours later. Mrs. Sylvester remained in a coma for several days, and was hospitalized a total of 40 days. Mrs. Sylvester’s and Christine’s claims were settled prior to trial.
The record shows that this family worked together, played together and worshiped together. The father is a TV technician employed in Lafayette. His son frequently accompanied him on service calls and was of more assistance than his tender age would indicate. The son had repaired several radios and phonographs on his own. He did his share of the housekeeping chores as well as yard maintenance. The boy was tall and husky for his age, an average *65 student in school. He had a fine personality. The photographs show him to be a handsome child in every sense of the term.
The entire family frequently went on all day or week-end outings where they camped. While father and son fished, mother and daughters swam or prepared the meals. At home, father and children frequently joined together to sing to the father’s guitar accompaniment, while mother’s participation was limited to enjoying this activity.
Claire, plaintiffs’ first born, was a most attractive young lady, whose photograph lends emphasis to the testimony that she would stand out in a crowd of her peers. Her school work was above average. She was active in 4-H Club work at school and was helpful and proficient with the cooking, sewing and other household chores. She was particularly helpful to the family as the older sister of the family’s only remaining child, with whom she had shared a bedroom.
The mother had a close relationship to her children, taking them with her every place she could conceivably take them. Her whole life was centered around her children. Since recovering from her own injuries, she has had to continuously use antidepressant drugs. She has been unable to conceive, and has been treated by two gynecologists, all to no avail as of the trial date.
Following the accident, the father alone had the task of making funeral arrangements for his only son; then to alter the arrangements to provide for the double-funeral when his first-born died.
These and other factors which are cumulative, may account for the trial judge’s award of twice the amount of the largest award then approved by a Louisiana appellate court as an award to parents for the death of their minor children.
Defendants do not question the tragic effect of this loss to the parents. They recognize that no amount of money can compensate the parents for the loss of their children. They submit that “applying the principles which have been developed by our Courts in connection with matters of this kind, an award for the loss of love and affection must be within reasonable limits and must take into consideration all of the circumstances presented, including the effects on society, industry and the economic effects to be considered in determining a reasonable award for the loss sustained.” Defendants Submit that we are here dealing with the typical, completely normal, well-adjusted, close, American family wherein there was the usual relationship between parents and children.
Plaintiff cites the case of Travelers Insurance Company v. Stanley, 252 F.2d 115 (1958), where the U. S. Court of Appeals, Fifth Circuit, affirmed a Louisiana Federal jury award of $30,000 to a Louisiana mother for the death of her minor son, where the accident occurred in Louisiana.
While acknowledging that Louisiana Courts are in no way bound by awards made in neighboring States, plaintiff directs attention to higher awards in other States. In Florida, a mother was awarded $80,000 for the death of her 12 year old daughter. Seaboard Air Line Railroad Company v. Gay, 201 So.2d 238 (District Court of Appeal of Florida 1967). In 1957, Mississippi approved an award of $40,000 to parents for the death of their 8 year old daughter. Reed v. Eubank, 232 Miss. 27, 98 So.2d 132 (Supreme Court of Mississippi 1957). And in Greshana v. Coursan, 177 So.2d 33 (District Court of Appeal of Florida, 1965), the Court reduced an award of $100,000 to parents of an eleven month old child, to $50,000.
To the argument that an affirmance would result in higher insurance premiums, plaintiff answers that had these two children survived but suffered serious and disabling injuries, there would be no question but that the awards would be higher. Plaintiff also suggests that the insurance industry has adjusted to such awards from the Federal Courts of Louisiana, and from the State Courts in our neighboring States.
*66 Defendants argue that where the claim was presented to the Court without any contest as to liability, with a stipulation that there was no pain or suffering on the part of the deceased children, with no other claim pending except that for the loss of the lives of the two children, the “much discretion” vested in the trial judge has been grossly abused. The same type of loss has been involved in many other decisions by Louisiana Appellate Courts, and $15,000 per child per parent was the highest award rendered prior to the trial of this case. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960) where $12,000 per parent per child was approved as being in line with prior jurisprudence; Fontenot v. Wood, 140 So.2d 34 (La.App. 3 Cir. 1962) where $12,000 to each parent was awarded for the loss of their only child; Renz v. Texas & Pacific Railroad Co., 138 So.2d 114 (La.App. 3 Cir. 1962) where $12,500 was awarded to the mother for the loss of her daughter; McConathy v. United Services Automobile Assn., 188 So.2d 470 (La.App. 3 Cir. 1966) where $15,000 was awarded to each parent for the loss of their only child. See also Womax v. Earl Gibbon Transport, Inc., 226 So.2d 573 (La.App. 4 Cir. 1969) where a jury award of $50,000 to each parent for the death of their 10 year old son was reduced to $20,000 per parent.
Appellant argués that there is nothing to distinguish the facts of this case from those involved in the earlier cases and that we are therefore bound by the rule of the Randall case, supra:
“Although no amount of money will compensate Mr. and Mrs. Randall for the loss of their two children, we feel that the awards (of $12,000 per parent per child) * * * are in line with other awards by Louisiana courts and, under the special circumstances of this case, are fair and adequate.” 124 So.2d 535 at 542.
Defendants submit that monetary damages must be fixed after considering awards made by the Courts in cases involving similar facts and circumstances; that “of inescapable importance is the ultimate effect of an excessive award on society, litigation, and the economic and practical effect on the industry of the State in general, in particular the insurance industry. If awards in cases such as this are to be doubled in one strike of the pen, there is no doubt of the effect on the presently troubled insurance industry, and on the ultimate policy holder who, after all, must furnish the money for ultimate awards in personal injury and death cases.”
Defendant concludes by submitting that the trial judge “abused the discretion vested in him in this case, the award is manifestly excessive, and should be reduced by this Court to a figure which will in no event exceed that previously established in similar cases by the jurisprudence of Louisiana.”
The question upon which we desire instruction is this: In view of the amounts of awards which have been made in other cases, did the trial court abuse its discretion under the facts here presented by awarding plaintiffs in the instant suit substantially greater sums than have been awarded for wrongful deaths of children in the past?

. McConathy v. United Services Automobile Assn., 188 So.2d 470 (La.App. 3 Cir. 1966).

. Womax v. Earl Gibbon Transport, Inc., 226 So.2d 673 (La.App. 4 Cir. 1969).