FRUGE, Judge.
This suit seeks recovery of damages for personal injuries allegedly received by Sandra Fontenot, a seventeen year old minor, while riding as a guest passenger in the automobile of defendant, Preston Ham-mons. Continental Casualty Company, Hammons’ public liability insurer, was joined in the suit. After trial on the merits, judgment was rendered for defendants. Plaintiff takes this appeal.
The incident giving rise to this suit occurred on May 27, 1963, at approximately 8:00 P.M. on Louisiana Highway 13 between the cities of Eunice and Crowley. Sandra Fontenot, riding in the rear seat of Preston Hammons’ 1963 Pontiac, being driven in a southerly direction, allegedly suffered injuries when Hammons abruptly maneuvered his automobile in order to avoid a collision with a'cow standing on the highway. There were three other persons riding in the car; Miss Felicia Hebert and Miss Bonnie Fontenot on the front seat, and Miss Marlene Kern on the rear seat. Although Hammons was able to avoid striking the cow by going partially onto the right shoulder of the highway and then bringing his automobile to a stop, the occupants of the car were a bit “shaken up”, it being alleged that Sandra Fontenot was thrown to the floor of the car.
Approximately 400 yards south of the scene of this occurrence there is a highway sign stating “Stock at Large.” However, Louisiana Highway 13 at this point is subject to LSA-R.S. 3:2803, which prohibits the running at large of livestock on the highway. Apparently the “Stock at Large” sign is one that either existed previous to *854 the application of the statute to Louisiana Highway 13 or was placed on the highway erroneously or without authority.
Although there is some testimony to the contrary, the great weight of evidence indicates that Mr. Hammons was driving at a speed of less-than SO miles per hour at the time of this incident. The group had just previously departed from Mr. Ham-mons’ place of employment, a radio station about one-quarter of a mile from the scene of the near-collision.
The trial judge dismissed plaintiff’s suit for the reason that no causal relationship was established between Sandra Fontenot’s injuries and the incident in question of May 27, 1963. In written reasons for judgment, he pointed out that Sandra waited two weeks after this incident to seek medical attention and that the other persons in the automobile had no recollection of Sandra being thrown to the floor.
We believe the trial judge has erred in holding that there was no showing of a causal connection between the violent maneuvering of the automobile and Sandra Fontenot’s injuries.
The testimony of Sandra Fontenot and her mother, Mrs. Weston Fontenot, shows that Sandra returned home on the evening of the near-collision at about 9:00 P.M. complaining of a headache. The next morning she complained of pain .in her neck. During the course of the next several days the pain grew more severe and spread to her shoulders. When, some two weeks after the accident, Sandra began to experience numbness in her left arm, Mrs. Fontenot decided Sandra should see a physician.
The record contains medical testimony by Sandra’s treating physician, Dr. B. G. Manuel, that she visited his office on June 13, 1963, at which time he examined her and was of the opinion that she had incurred a whiplash injury. The report of Dr. C. V. Hatchette, an orthopedic surgeon to whom Sandra was referred by Dr. Manuel, shows that in his opinion she had received a “classical whiplash or ligamentous injuries to the cervical spine.”
In our view the foregoing establishes a clear causal connection between the accident and Sandra’s injuries. Having found error on this point, it becomes necessary for us to conside'r the issue of negligence vel non on the part of the defendant driver, Preston Hammons. The lower court made no determination concerning this question.
Preston Hammons testified he was driving at a speed of approximately SO miles per hour, with his lights on, when he first saw the black cow standing near the center of the blacktop highway approximately 60 feet directly ahead of him. On seeing the animal, he turned sharply to the right, going onto the shoulder of the road, skidding and coming to rest in a sidewise position. He then brought his automobile to a stop and inquired if everyone was all right. Ham-mons stated that he traveled on Highway 13 each day in going to and from his place of employment, and to his knowledge had never seen a cow on the highway prior to this incident.
Hammons’ testimony as to the occurrence is largely corroborated by that of Felicia Hebert and Marlene Kern. Plaintiff, Sandra Fontenot, did not see the cow in the highway. The other passenger, Miss Bonnie Fontenot, was not called to testify by either party. The testimony of all of the witnesses indicates that the maneuvering and stopping of the vehicle was rather abrupt and violent.
In McGee v. Southern Farm Bureau Casualty Ins. Co., La.App. 3rd Cir., 125 So.2d 787, a case involving a cow-automobile collision, this court stated:
"A motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and ordinarily the driver of an automobile is negligent in driving at a rate of speed greater than that in which he *855 could stop within the range of his vision.”
There is a well-recognized exception that where the animal suddenly darts in front of an automobile traveling at a reasonable rate of speed and the animal is struck by the automobile before the driver can stop or so maneuver his vehicle as to avoid the collision, the accident is unavoidable and there is no liability on the part of the driver. Fontenot v. Hartford Accident and Indemnity Co., La.App. 3rd Cir., 173 So.2d 275, and cases cited therein.
Here, as in the recent case of Abshire v. Hoffpauir, La.App. 3rd Cir., 169 So.2d 740, we note that there is no evidence that the cow suddenly darted in front of the moving vehicle. Rather, it appears in the instant case that the cow was standing in the road and that defendant, Preston Ham-mons, failed to see the cow in time to enable him to bring his automobile to a controlled stop so as not to injure his passengers. In his failure to sooner observe the animal, we find him to have been negligent in failing to keep a proper lookout. It follows that there is liability on the part of Preston Hammons and his liability insurer, Continental Casualty Company, for the injuries incurred by plaintiff, Sandra Fon-tenot.
In finding defendant Preston Hammons negligent in failing to maintain a proper lookout, we have not found it necessary to give weight to the presence of the “Stock at Large” sign located near the scene of the accident.
As previously stated, the medical testimony shows that plaintiff received a cervical sprain in the nature of a whiplash injury. On recommendation of Dr. Hatch-ette, plaintiff was hospitalized and administered traction by Dr. Manuel. The evidence shows that she was in continuous traction for approximately seven days and then replaced in traction for two more days after a 24-hour interval. She was hospitalized for a total of ten days. She was fitted with a neck brace by Dr. Manuel and wore this brace for a period of approximately two months.
Sandra was examined by Dr. Fred C. Webre at the request of defendants on September 4, 1963. He found no objective symptoms at that time, although he stated that she made complaints of pain. On September 27, 1963, Sandra was released by her physician, Dr. Manuel, as having recovered from her injuries.
In the case of Ford v. State Farm Mutual Automobile Ins. Co., La.App. 2nd Cir., 139 So.2d 798, an award of $3,000.00 each was made to two women plaintiffs who received injuries quite similar to those of Sandra Fontenot. This court awarded $3,000 for a similar whiplash injury in the recent case of Winfree v. Consolidated Underwriters, La.App. 3rd Cir., 163 So.2d 377, affirmed in 246 La. 981, 169 So.2d 71. We believe an award of $3,000.00 in the instant case is appropriate and will do substantial justice between the parties. Plaintiff has proven medical expenses in the total amount of $489.65, and that amount shall also be awarded.
For the reasons set forth herein, the judgment of the district court dismissing plaintiffs’ suit is reversed and it is ordered, adjudged and decreed that there be judgment in favor of Weston Fontenot, as administrator of and for the benefit of the estate of Sandra Fontenot, and against Preston Hammons and Continental Casualty Company, in solido, in the amount of $3,000.00, with legal interest from date of judicial demand, and that there further be judgment in favor of Weston Fontenot, individually, and against Preston Hammons and Continental Casualty Company, in solido, in the amount of $489.65, with legal interest from date of judicial demand. Defendants shall be liable for all costs in the lower court, as well as cost of this appeal.
Reversed and rendered.