BLANCHE, Judge.
This case involves an automobile accident fatality that occurred at 9:40 P.M. on December 15, 1968, in Pointe Coupee Parish, on U. S. Highway 190.
The judgment of the District Court was in favor of defendants, State of Louisiana, through the Department of Highways, William V. Rovira and Allstate Insurance Company, and against plaintiffs, the children of the deceased, Maurice Kidder. The minor children of the deceased appear through their mother as duly appointed natural tutrix.
*678 Plaintiffs have limited their appeal to the question of Mr. Rovira’s negligence as the owner and driver of the vehicle in which Mr. Kidder was killed.
Mr. Rovira was traveling in a westerly direction on U. S. Highway 190. As he approached the scene of the accident, his vehicle was in the left or inside lane of travel and was being operated at between sixty and sixty-five miles per hour. Having decided to change lanes, Mr. Rovira glanced into his rear view mirror and when his attention was redirected ahead, he noticed a dead cow lying in the immediate path of his vehicle between thirty and fifty feet away.[1] • In an attempt to avoid the dead cow, Mr. Rovira applied his brakes[2] and attemped to swerve to the right with the result that his vehicle skidded off the right-hand side of the road and into a tree.
Our analysis of this case turns on the question of whether or not Mr. Rovira was negligent in failing to see the dead cow in time to stop or take successful evasive action.
Counsel for plaintiff has presented an excellent brief in which he has cited several cases involving a finding of negligence on the part of a driver who struck a cow on the highway at night. One of these cases, Fontenot v. Continental Casualty Company, 175 So.2d 853 (La.App.1965), is factually similar to the instant case. In that case the defendant was traveling at a speed of approximately fifty miles per hour when he first saw a black cow standing near the center of the blacktop highway approximately sixty feet directly ahead of him. His reaction was to turn sharply to the right and apply his brakes so as to skid and come to a stop in a sideways position. The sudden stop injured one of the defendant’s passengers. The Third Circuit Court of Appeal found that the defendant’s failure to observe the animal sooner constituted negligence in failing to keep a proper lookout. Obviously, this case is distinguishable from the instant litigation only by the fact that the cow in Fontenot was standing, whereas the cow in the present case was lying dead in the roadway. It is tempting to discount the Fontenot case on the basis of the above-mentioned factual variation; however, we cannot fairly state that the distinction compels a finding of negligence in one case and no negligence in the other.
 Our holding that Mr. Rovira was not negligent in failing to see the cow sooner than he did is reflective of our opinion that a motorist driving on a high speed highway at night is not as a matter of law required to see an unlighted and unexpected object in his path in time to come to a safe stop. A dark object lying on a blacktop surface at night is virtually camouflaged, and it is to be anticipated that a motorist would discover its presence only in time to react in emergency fashion.
Our position is amply supported by the jurisprudence. In Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1 (1936), the Supreme Court exonerated a driver of contributory negligence where he had been unable to see a dead yearling calf in time to avoid running over its body. The Court stated:
“The rule that a motorist traveling on the public highways after dark or during a rainstorm, fog, or other abnormal condition, which prevents him seeing ahead, *679 except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway.11 (Kirk v. United Gas Public Service Co., 170 So. 1, 3—emphasis supplied)
In Shively v. Hare, 189 So.2d 12 (La.App. 1st Cir. 1966), the driver of a vehicle that ran into the rear of an unlighted, slow-moving pulpwood truck was absolved of liability for the death of his guest passenger. In that case we said:
“We find from our careful and painstaking search of the jurisprudence of this state that a motorist traveling a main highway at night, in the absence of weather, road or traffic conditions which serve to warn one of the necessity of restricted movement, may assume that the road ahead is free of obstructions and unusual objects and that it is open and unrestricted for travel. We find it is equally well settled that an unlighted vehicle, either moving, stopped or parked upon the highway at night is an unusual or unexpected obstruction.” (Shively v. Hare, 189 So.2d 12, 16)
In the instant case, the unexpected appearance of a dark-colored animal lying in the immediate path of Mr. Rovira’s vehicle created a sudden emergency to which he reacted reasonably under the circumstances.
Accordingly, the judgment appealed from is affirmed at plaintiffs costs.
Affirmed.

. The fact that Mr. Rovira was able to swerve to the right and avoid striking the cow indicates that his estimate of the distance at which he first saw the cow is on the short side. This would seem evident in light of the fact that at sixty miles per hour a vehicle is traveling at approximately eighty-eight feet per second.

. Mr. Rovira could not recall whether or not he applied his brakes; however, the investigating officer was of the opinion that the Rovira vehicle made the thirty feet of skid marks that were found starting in the left lane- of traffic, swerving into the right lane, and missing the cow by approximately three feet.