REID, Judge.
This suit and three companion cases consolidated for trial arose out of an auto *666 mobile accident which occurred on the Airline Highway in the Parish of East Baton Rouge, Louisiana, on September 28, 1961. The accident occurred at approximately 3:45 P.M. and involved a 1956 model Chevrolet automobile owned by Shelley H. Brawley and being operated by his minor daughter, Gwendolyn Brawley, who was sixteen years old at the time of the accident and a 1954 model International Truck Trailer owned by Mr. Lewis C. Landreneau, Sr. and being operated by an employee, Samuel Thomas, who was acting in the course of his employment at the time of the accident. Three other young girls were riding as guest passengers in the Brawley vehicle.
In the instant case, Appeal No. 6237, plaintiff, Earl Kimball, Individually and as Administrator of the Estate of his minor daughter, Dolly Pauline Kimball, brought suit against Lewis C. Landreneau, Sr., Samuel Thomas, American Surety Company of New York, their insurer, and Shelley Brawley and his insurer, American Casualty Company of Reading, Pennsylvania, praying for judgment on behalf of his minor daughter, who was a guest passenger in the Brawley Chevrolet, for pain and suffering in the amount of $50,-000.00, and individually for medical expenses in the amount of $130.85.
Answers were filed on behalf of defendants containing a general denial and in the alternative pled contributory negligence upon the part of Dolly Pauline Kimball as a bar to recovery by the plaintiff on the grounds that she was on a joint venture with the said Gwendolyn Brawley and on the further grounds of acquiescing in the negligent operation of the vehicle by the said Gwendolyn Brawley, whose negligence, if any, would be imputable to the said Dolly Pauline Kimball.
On October 15, 1963 for written reasons assigned a judgment was rendered in favor of the plaintiff, Earl Kimball, individually in the sum of $156.03 and for the use and benefit of his minor daughter, Dolly Pauline Kimball, in the amount of $1250.0(1 insólido. In addition, the expert fee of Dr. Charles B. Cracraft in the amount of $50.00 was taxed as court costs. On October 23, 1963 a judgment was read and signed in accordance with the written reasons rendered on October 15, 1963. Applications for a new trial were timely filed on behalf of the defendants. The application on behalf of American Casualty Company of Reading, Pennsylvania and Shelley Brawley being on the grounds of newly discovered evidence while the application on behalf of Samuel Thomas, Lewis C. Landreneau, Sr. and American Surety Company of New York being based on the grounds that the judgment was contrary to the laws and evidence. By judgment rendered November 18, 1963, read and signed on November 19, 1963, the applications for a new trial were overruled.
From this judgment all defendants have appealed and the plaintiff has filed an answer to the appeal praying that the award for pain and suffering for Dolly Pauline Kimball be raised to $2500.00.
In Appeal No. 6238, 170 So.2d 671, Nell1 Morgan Villar Ruiz, Individually and as the Natural Tutrix of her minor daughter, Brenda Morgan, also referred to throughout the record as Brenda Villar, brought suit against Lewis C. Landreneau, Sr., Samuel Thomas, their insurer American Surety Company of New York and against Shelley Brawley and his insurer, American Casualty Company of Reading, Pennsylvania, praying for judgment on behalf of her minor daughter, who was a guest passenger in the Brawley Chevrolet, for pain and suffering in the amount of $50,000.00 and individually for medical expenses in the amount of $100.00.
Answers were filed on behalf of defendants containing a general denial and in the alternative pled contributory negligence upon the part of Brenda Morgan as a bar to recovery by the plaintiff on the grounds that she was on a joint venture with the said Gwendolyn Brawley, and on the fur *667 ther grounds of acquiescing in the negligent operation of the vehicle by the said ■Gwendolyn Brawley, whose negligence, if •any, would be imputable to the said Brenda .Morgan.
On October 15, 1963 for written reasons •■assigned, a judgment was rendered in favor ■of the plaintiff, Nell Morgan Villar Ruiz, Individually in the amount of $101.00 and for the use and benefit of her minor daughter, Brenda Morgan, in the amount of $1500.00 insólido. In addition, the expert fee of Dr. McVea in the amount of $50.00 was taxed as court costs. On October 23, 1963 a judgment was read and signed in •accordance with the written reasons ren■dered on October 15, 1963. Applications for a new trial were timely filed on behalf ■of the defendants. The application on be-Tialf of American Casualty Company of Reading, Pennsylvania and Shelly Brawley being on the grounds of newly discovered ■evidence while the application on behalf >of Samuel Thomas, Lewis C. Landreneau, Sr. and American Surety Company of New York being based on the grounds that the judgment was contrary to the laws and •evidence. By judgment rendered November 18, 1963, read and signed on November 19, 1963 the applications for a new trial were overruled.
From this judgment all defendants have •appealed and the plaintiff has filed an •answer to the appeal praying that the •award for pain and suffering for Brenda Morgan be raised from $1500.00 to $3000.-00.
In Appeal No. 6236, 170 So.2d 673, Mrs. Edna Davis Brawley, Individually and as Natural Tutrix of the Estate of her minor ■daughter, Gwendolyn Brawley, brought suit •against Lewis C. Landreneau, Sr., Samuel Thomas and their insurer, American Surety Company of New York, praying for judgment in the amount of $10,000.00 for pain •and suffering for her minor daughter, Gwendolyn Brawley, and $217.50 for medical expenses. Defendants filed a general ■denial and in the alternative pled contributory negligence. On October 15, 1963 by written reasons assigned the Trial Judge rendered judgment rejecting plaintiff’s demand. Subsequently, plaintiff filed a Motion for a New Trial on the grounds of newly discovered evidence. The judgment for the motion for a new trial was denied on November 18, 1963, read and signed November 19, 1963. However, the record does not disclose that any judgment in this matter was signed, the judgment on the motion for a new trial being the only judgment contained in the record.
In Appeal No. 6235, 170 So.2d 675, suit was brought by Shelley H. Brawley, Individually against Lewis C. Landreneau Sr., Samuel Thomas and American Surety Company of New York, their insurer, praying for judgment in the amount of $655.73 for property damage to the said plaintiff’s vehicle. Defendants filed a general denial and in the alternative pled contributory negligence on the part of Gwendolyn Brawley. By stipulation of Counsel it was agreed that if the said Gwendolyn Brawley was found guilty of contributory negligence her said contributory negligence would be imputable to the plaintiff, Shelley H. Brawley. On October 15, 1963 for written reasons assigned the Trial Judge rendered a judgment rejecting plaintiff’s demand, subsequently plaintiff filed a Motion for a New Trial on the grounds of newly discovered evidence. The judgment for the Motion for a New Trial was denied on November 18, 1963, read and signed on November 19, 1963. However, the record does not disclose that any judgment in this matter was signed. The judgment on the Motion for a New Trial being the only judgment contained in the record.
The record shows that at the time of the accident both vehicles were being driven in a westerly direction on the Airline Highway. There are two traffic lanes for east bound traffic and two for west bound traffic. There is no dispute to the fact that the 1954 International was being driven and had been for some time in the inside traffic lane next to the neutral ground. The rec *668 ord further discloses that the Brawley Chevrolet had approached the Airline Highway in a southerly direction on McClellan Drive, which intersects the Airline Highway at right angles. That after bringing her car to a stop Miss Brawley entered the Airline Highway and proceeded in a westerly direction. The record further discloses that the distance from where the Brawley vehicle entered the highway to the point of the accident is from four to six blocks, or approximately one mile. The testimony is further undisputed that when Miss Brawley reached a point almost opposite the Continental Motor Hotel that she proceeded to turn left through an opening in the neutral ground to stop at the Motor Hotel, which was south of the east bound or opposite lane of traffic. After the impact the truck came to a stop partly across the neutral ground opening and in the east bound traffic lane and the Chevrolet came to a stop some distance off the highway to the north of the west bound traffic lane. The point of impact was the right front fender of the truck with the left back and left rear fender of the Chevrolet.
In determining the question of negligence the main point in dispute is whether or not the Brawley Chevrolet was in the left or inside lane, or in the outside lane of travel at the time that Miss Brawley commenced to make her left turn. Miss Braw-ley and three passengers all testified she drove from the point where she entered Airline Highway directly into the inside traffic lane to the point where she made her left turn and that the truck ran into the back of her car while she was in the process of making the said turn. Samuel Thomas, the driver of the truck, asserts that Miss Brawley attempted to make a left turn from the outside traffic lane across the inside lane directly in front of his truck. He further testified that the Braw-ley car did not get completely into the inside lane due to the fact that the driver of the said car turned the Chevrolet hard to the right to re-enter the outside lane and that he turned to the left to avoid a collision with the car resulting in the right front fender and the side of the truck colliding with the left back side of the car. Thomas' testimony was corroborated by that of Mr. Stacey Smith, who-according to his testimony, taken by deposition, had for some time been proceeding: west on the Airline Highway in the outside traffic lane a short distance in back of the Thomas truck.
The Trial Judge in his written reasons for judgment concerning this question stated as. follows:
“It is not disputed that after the collision the truck veered to its left,, crossed the cut-through and came to. rest partially on the inside east bound lane and partially on the neutral ground. The left wheels passed over the neutral ground before the truck reached the cut-through. The skid marks shown on the photograph referred to indicate the truck commenced veering to its left prior to the collision. The Chevrolet traveled about 300 feet in a northwesterly direction after the collision.
* * * * * *
“Miss Brawley, the driver of the Chevrolet, testified that at the moment of the impact she had commenced her left turn and had made % or % of the turn required. The truck driver testified the Chevrolet suddenly appeared immediately in front of him; that the driver appeared to see his truck and was turning to her right when the collision occurred.
“The photograph identified as Am. Surety — 1 shows the point at which the Chevrolet was struck. Photograph Joint Plaintiffs — 3 shows the front of the truck. The testimony is that the right front of the truck struck the Chevrolet. Obviously the long upright metal bar on the right side of the front bumper of the truck struck the rear of the Chevrolet. Considering these facts *669 and tlie fact that the Chevrolet traveled in a northwesterly direction can, in my opinion, lead to no other conclusion than that the Chevrolet was turning' in that direction at the moment of impact, just as the truck driver said.
“Miss Brawley and her three guest passengers testified she proceeded directly to the inside traffic lane immediately upon entering Airline Highway some four blocks east of the point of collision. The testimony of the truck driver was that she traveled in the outside lane, crossing over into the inside lane immediately before the collision. Stacy B. Smith, whose testimony was offered by deposition, testified he was driving a truck westward in the outside lane approximately alongside the defendant truck; that he saw the Chevrolet enter the highway and proceed in the outside lane; that another vehicle entered the highway and traveled in the outside lane between him and the Chevrolet for a short time prior to the collision; that he did not observe the Chevrolet move from the outside lane to the inside lane, but that the collision occurred in the inside lane.
“Counsel for Brawley and his insurer have vigorously attacked Smith’s testimony. It is true that he was vague and indefinite in some of it, -but not on the point mentioned. Considering the other evidence, it is my opinion he was correct on that point, and that just prior to the collision Miss Brawley undertook to turn left from the outside lane in front of the defendant truck and pass through the cut-through in question; that before completing this maneuver she realized its impossibility and attempted to move back into the outside lane. Her negligence in that connection is beyond question, and citation of authorities thereon appears unnecessary.”
An examination of the testimony taken at the trial and of the deposition of Mr. Smith, together with an examination of the pictures showing the point of impact taken into consideration with the other evidence or physical facts surrounding the evidence leaves this Court to believe that the Trial Judge was not in error in finding that the Brawley Chevrolet made a left turn from the outside traffic lane into the inside lane directly in front of the Thomas truck. Therefore, with this finding of fact by the Trial Judge this Court is in agreement.
In regard to- the negligence of the truck driver the Trial Judge stated in his written reasons for judgment as follows:
“It is my opinion the truck driver was also guilty of negligence in that he failed to observe Miss Brawley’s left turn manuever sooner than he did. There is nothing in the record contradicting the testimony of Miss Brawley and the two passengers in the front seat with her that her left turn blinker signal was in operation throughout the attempted turn, yet the truck driver testified that when he first realized what Miss Brawley was attempting, the Chevrolet was in front of him and so near that it was impossible for him to see the signal even if it was in operation. In my opinion he could and should have seen the left turning of the Chevrolet earlier than he did even if its left turn signal had not been in operation.”
With this finding this Court is not in agreement. The record does not disclose that the driver of the truck committed any act of negligence which could be held to be a proximate cause of the accident considering the prior finding of fact by the Judge, that is, that the Brawley Chevrolet made a left turn in front of the truck.
The law in regard to left turns is well settled by both statute and jurisprudence. The applicable statutory law is set out in *670 LSA-R.S. 32:101(3), which reads as follows :
“The driver of a vehicle intending to turn at an intersection shall proceed as follows:
******
“At any intersection where traffic is restricted to one direction on one or more ■of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme lefthand lane lawfully available to traffic moving in the direction of travel of such vehicle and after ■entering the intersection the left turn shall be made so as to leave the intersection, in the safest lane lawfully available to traffic moving in such direction upon the roadway being entered.”
In the case of United States Fidelity & Guaranty Co. v. Bergeron, 148 So.2d 162 this Court held as follows:
“It is hornbook law that a left hand turn across a highway constitutes one of the most hazardous maneuvers that a driver is called upon to perform and he must initially ascertain by careful ■observation that the maneuver can be executed safely without danger to normal overtaking and on-coming traffic and must yield right-of-way to such vehicles. West v. T. L. James & Co., La.App., 142 So.2d 853 (1962); Romans v. New Amsterdam Casualty Co., La.App., 137 So.2d 82 (1962); Bouwell v. Marquette Casualty Co., La.App., 125 So.2d 168 (1960); Hoffpauir v. Southern Farm Bureau Casualty Insurance Company, La.App., 124 So.2d 409 (1960); Malone v. Fletcher, La.App., 44 So.2d 352 (1950); Michelli v. Rheem Manufacturing Company, La. App., 34 So.2d 264 (1948).
“The burden rests heavily on the motorist who desires to make a left turn to explain how the accident occurred and to show that he was free from negligence. Bouwell v. Marquette Casualty Co., La.App., 125 So.2d 168 (1960); Madison v. Southern Farm Bureau Casualty Insurance Company, La.App., 120 So.2d 342 (1960); Codifer v. Occhipinti, La.App., 57 So.2d 697 (1952); Malone v. Fletcher, La.App., 44 So.2d 352 (1950).”
In this Court’s opinion it does not follow that the said Samuel Thomas should be held liable in this case merely because the driver of the Brawley Chevrolet possibly had her left blinker on prior to making a turn as it was not incumbent upon him to expect that the driver of the Chevrolet would make a left turn directly in his path. We feel that the situation that Thomas was in was that of one who is suddenly confronted with a sudden emergency and fits the rule set forth in the case of Boudreaux v. Davis, La.App., 134 So.2d 349, wherein the Court held as follows:
“The plaintiff argues, particularly from the physical facts, that the defendant Davis was also guilty of negligence in traveling at an excessive speed and in failing to avoid the accident after he saw or should have seen plaintiff’s lefthand turn signal. The argument has no merit. It cannot be reasonably concluded from the evidence that Davis was traveling at a speed in excess of the legal limit of 60 miles per hour. Furthermore, as stated above, it is our appreciation of the evidence that the plaintiff did not give his lefthand turn signal until Davis was in the act of passing and was only about 20 feet behind the plaintiff’s vehicle. In our view, Davis did not have a chance to avoid the accident after he discovered or should have discovered that the plaintiff was going to negligently turn to the left in front of him. It is our opinion that neither the doctrine of last clear chance nor the doctrine of discovered peril has any application to the case at bar. See Johnson v. Wilson, supra [239 La. 390, 118 So.2d 450].
*671 See Bordelon v. Audubon Insurance Company, La.App., 116 So.2d 148.
It is, therefore, the opinion of this Court that the said Samuel Thomas was not guilty of negligence in the operation of his 1954 International truck at the time of the accident.
 The Trial Judge rendered a judgment in favor of the plaintiff, Earl Kimball, individually, in the amount of $156.03 for medical expenses, however, as the plaintiff in his petition only prayed for medical expenses of $130.85 the judgment will be reduced to the amount prayed for. In addition, the Trial Judge rendered a judgment in favor of Earl Kimball as Administrator of the Estate of his minor daughter, Dolly Pauline Kimball, in the amount of $1250.00. The medical evidence introduced at the trial showed that Miss Kimball suffered a mild cervical strain; that she was not hospitalized and she wore a neck brace for a period of about four to five weeks. There is no evidence in the record that the accident affected her attendance in school nor her grades or greatly curtailed her activity. By a report dated October 1, 1963, Dr. Frank Grieger, who apparently treated the said patient for the last time on October 2, 1961, rendered a report stating that there was no permanent or total disability resulting from the said injury. Dr. Charles Cracraft who examined the patient on October 4, 1961, testified that she had a strain of the cervical musculature mild that was subsided, and x-rays revealed no significant abnormality. In view of the foregoing it cannot be said that the award of the Trial Judge to be manifestly inadequate.
For the above and foregoing reasons the judgment of the District Court is reversed insofar as the defendant, Lewis C. Landreneau, Sr., Samuel Thomas and American Surety Company of New York are concerned and the judgment rendered against the defendants, Shelley H. Brawley and American Casualty Company of Reading, Pennsylvania is affirmed, except that the judgment in favor of Earl Kimball, individually, is reduced from $156.03 to $130.85 and there is awarded in favor of Earl Kimball, individually in the amount of $130.85 and in favor of Earl Kimball, as the Administrator of the Estate of Dolly Pauline Kimball in the amount of $1250.00 against the defendants, Shelley H. Brawley and American Casualty Company of Reading, Pennsylvania, jointly, severally and insólido, together with legal interest thereon from judicial demand together with all costs including the expert fee of Dr. Charles Cracraft in the amount of $50.00.
Reversed in part, amended in part and affirmed as amended.