REID, Judge.
This case was consolidated with No. 6237, 170 So.2d 665, Earl Kimball, Individually and as Administrator of the Estate of Dolly Pauline Kimball v. Lewis C. Landreneau, Sr., et al. The facts and the questions of liability were decided and fully discussed in the companion suit. From our determination of the facts and questions of liability fully decided and discussed in that opinion, we conclude that the District Court judgment in favor of the plaintiff against Samuel Thomas, Lewis C. Landreneau, Sr. and American Surety Company of New York, should be reversed and plaintiff’s suit insofar as those defendants dismissed. The judgment of the Trial Court rendered against the defendants Shelley H. Brawley and American Casualty Company of Reading, Pennsylvania is affirmed. This leaves for our determination the quantum to be allowed plaintiff in this suit. Plaintiff filed an answer to the appeal asking that the quantum be increased from $1500.00 to $3000.00.
The medical evidence introduced at the trial showed that Miss Morgan suffered a cervical strain which the Trial Judge stated was only slightly, if at all, more serious than Miss Kimball’s. She was hospitalized for a period of six days and wore a neck brace for a short time. There is no evidence in the record that the accident affected her attendance in school nor her grades, or that her activities were greatly curtailed.
By a report dated December 1, 1961, Dr. Duane Forman, a Neurologist, stated that he had examined Miss^ Villar (Morgan) on October 2, 1961 and diagnosed her condition as a sprain of cervical and lumbar spine, mild, with aggravation of symptoms and probably existence of some of them due to emotional factors. Dr. Forman suggested as much ambulation as a patient desires and symptomatic Rx.
Dr. Charles McVea testified that he examined the patient on April 5, 1962 and stated though she was still under treatment he had not seen her for the preceding four months and who further stated that he could find no significant finding or physical examination which in anyway varied from the normal and no findings that he could attribute to changes as a result of the accident.
In view of the foregoing it cannot be said that the award of the Trial Judge is manifestly inadequate.
For the above and foregoing reasons the judgment of the District Court is reversed insofar as the defendants, Lewis C. Lan-dreneau, Sr., Samuel Thomas and American Surety Company of New York are concerned and the judgment rendered against the defendants, Shelley H. Brawley *673 and American Casualty Company of Reading, Pennsylvania is affirmed. There is awarded a judgment in favor of Nell Morgan Villar Ruiz, Individually and as the Natural Tutrix of Brenda Morgan in the amount of $1500.00 and in favor of Nell Morgan Villar Ruiz, Individually in the amount of $101.00, against the defendants, Shelley H. Brawley and American Casualty Company of Reading, Pennsylvania, jointly, severally and insólido, together with legal interest thereon from judicial demand, together with all costs, including the expert fee of Dr. Charles Mc-Vea in the amount of $50.00.
Reversed in part, amended in part and affirmed as amended.