191 So.2d 908 (1966)
Mrs. Olline P. JACOBS, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Mrs. Aveyonne N. Ballard, Defendant-Appellees.
No. 6749.
Court of Appeal of Louisiana, First Circuit.
November 15, 1966.
*909 Ralph Brewer, Baton Rouge, for appellant.
Horace C. Lane, Baton Rouge, for appellees.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
This is an action for personal injuries brought by Mrs. Olline P. Jacobs resulting from an automobile accident which occurred in the City of Baton Rouge on August 13, 1964. Judgment was rendered against her in the district court and she has appealed.
At approximately eight o'clock in the morning, Mrs. Jacobs was proceeding in a westerly direction on Fairfields Avenue. Mrs. Jacobs' vehicle was followed by an unidentified "grey car", which was in turn followed by a third vehicle being driven by the defendant Mrs. Aveyonne N. Ballard and insured by the defendant State Farm Mutual Automobile Insurance Company. All vehicles were traveling west in the 4000 block of Fairfields Avenue, a two-lane asphalt city street. The roadway was wet and it had been raining.
About the middle of the 4000 block of Fairfields Avenue, Mrs. Ballard, driving the third vehicle, started to overtake and pass the second vehicle, the "grey car". Mrs. Ballard pulled out in the left lane or passing lane and was at some point alongside the "grey car" when Mrs. Jacobs, in the lead car, attempted to make a left turn into a private driveway. In turning left Mrs. Jacobs' vehicle crossed the left lane of traffic and had partially entered the driveway when Mrs. Ballard's vehicle collided with the rear of the Jacobs' vehicle.
The District Court found that the accident was caused by a combination of negligence of both drivers and dismissed the plaintiff's suit based on contributory negligence. Specifically the court found that the plaintiff had not exercised "sufficient reasonable care" in attempting to make a left-hand turn. The trial court found that Mrs. Jacobs looked in her rear view mirror and noticed the "grey car" behind her slowing down and thought she *910 could make the turn in safety as far as that car was concerned. The trial court also found that at that moment Mrs. Ballard had already commenced her passing maneuver and was in the left lane which was obscured from Mrs. Jacobs' view in the rear view mirror but that had Mrs. Jacobs merely turned her head to the left and looked toward the rear to the left lane she would have seen Mrs. Ballard's vehicle and would have known that she could not make the left turn in safety. The trial court then held that Mrs. Jacobs had not exercised sufficient reasonable care because she should have known that the left turn could not be made with reasonable safety and was therefore contributorily negligent which barred her recovery.
After a careful reading of the testimony and examination of the record, this court is of the opinion that the facts as determined by the trial court are substantially correct. The evidence supports the finding that at the time Mrs. Jacobs viewed the overtaking traffic, immediately prior to attempting the left turn, the Ballard vehicle had begun its passing maneuver and was in the passing lane, but was not observed by Mrs. Jacobs because her view of the left lane was obscured in the rear view mirror or for some other reason that she did not see what she could and should have seen.
The appellant's counsel contends that the appellant exercised reasonable care and observed all the duties imposed by law in making a left turn, to wit: a left turn signal was given well in advance of turning, an observation was made through her rear view mirror that no automobile would have been delayed or impeded unduly and that the only automobile in view was slowing down honoring her indication to turn left, and that the on-coming traffic was clear. In support of appellant's position, two statements of law are relied upon:
"1.
"Left turn drivers have a high degree of care, including the duty to watch out for normal overtaking traffic and duty not to unduly delay overtaking traffic, but there is no duty upon them to watch out for abnormal overtaking traffic nor to maintain a continuous duty to look to the rear. Delaune v. Crawford, [La. App.], 39 So.2d 94; Johnson v. Wilson, La.App., 97 So.2d 674; Hinton v. Beyl, [La.App.], 122 So.2d 680; Breland v. American Insurance Co., 163 So.2d 583; Hudgens v. Mayeaux, La.App., 143 So.2d 606; Gorum v. Pritchard, [La.App.], 173 So.2d 308."
"2.
"In judging whether a left turn can be made in safety a motorist has the unquestioned right to assume that following traffic will observe all the duties imposed upon it by law and common sense: and the motorist has the right to make his left hand turn after he has made his survey and honestly believes that conditions warrant his making his turn. Hudgens v. Mayeaux, id."
The court does not find these statements of law inapposite to the trial court's decision. The trial court's opinion indicates that there was no abnormal overtaking traffic nor did the court impose a duty to maintain a continuous lookout to the rear. Further, the court found that appellant did not make a reasonable survey of overtaking traffic and indeed if she had she would have seen the passing automobile in the left lane and would have known that she could not make the left turn safely. Despite appellant's assertion that she looked to her rear before making her turn, the jurisprudence of this state is well settled that to look and not to see is equivalent of not looking at all. If Mrs. Jacobs' view of the left lane was obscured in the rear view mirror she should have determined there was no overtaking traffic before attempting a left-hand turn.
*911 The cases cited by the appellant in support of his argument are distinguishable from the facts in the instant case in that the left-turning driver in the cited cases could not have anticipated the acts of the following motorist, such as excessive speeding or disobeying traffic ordinances, and passing at an intersection. Furthermore, in the case of Faulkner et ux. v. Ryder Tank Lines, Inc., et al., La. App.2nd Cir., 1961, 135 So.2d 494 (writs denied) the court stated a rule that the courts of this state have consistently followed, to the effect that a motorist has the unquestioned right to assume the following traffic will observe all the duties imposed upon it by law and common sense, such as that the following traffic is proceeding within the speed limit and will not pass at an intersection where passing is prohibited and that drivers of such vehicles are keeping a proper lookout.
In the instant case the following motorist was not exceeding the speed limit and was not passing at an intersection but in the middle of a city block. Furthermore, the court has determined that the passing maneuver had begun prior to the attempted left turn and had the right to believe the lead car would yield the right of way in accordance with LSA-R.S. 32:104. In the case of Kimball v. Landreneau, 1st Cir., La.App., 170 So.2d 665 at page 670 the court quoting from United States Fidelity & Guaranty Co. v. Bergeron, La. App., 148 So.2d 162, with approval stated:
"It is the hornbook law that a left hand turn across a highway constitutes one of the most hazardous maneuvers that a driver is called upon to perform and he must initially ascertain by careful observation that the maneuver can be executed safely without danger to normal overtaking and oncoming traffic and must yield right-of-way to such vehicles." (Citation omitted)
"The burden rests heavily on the motorist who desires to make a left turn to explain how the accident occurred and to show that he was free from negligence." (Citation omitted)
In view of the foregoing, we find no manifest error in the conclusions of the trial court and are of the opinion that such conclusions and findings are amply supported by the record.
The judgment appealed is, therefore, affirmed and appellant-plaintiff is ordered to pay all costs of this appeal.
Affirmed.