CHASEZ, Judge.
This is an appeal from a judgment rendered in favor of the defendant-appellee, Government Employees Insurance Company and against the plaintiffs-appellants, Willie Matthews individually and as the natural tutor of and for the use and benefit of his minor daughter, Rose, and Edwina Matthews, wife of Willie Matthews, dismissing plaintiffs’ suit at plaintiffs’ costs.
The factual posture of this case is that on February 2, 1967 an automobile accident occurred. The Matthews car which was being driven by Robert Matthews was struck by a car owned and being driven by George Wells. The accident took place at the intersection of North Claiborne Avenue and Lamanche Street in New Orleans in the late afternoon and it was raining slightly.
The plaintiffs, Rose and Edwina Matthews, were guest passengers in the Matthews car and filed suit against Government Employees Insurance Company as the liability insurer of the Wells car for personal injury, damages and property damage allegedly caused by the accident.
Claiborne Avenue is a four-laned street and the lanes of travel are separated by a neutral ground. The plaintiffs claim the accident occurred as they were proceeding in an uptown direction, or toward Canal Street, in the left or neutral ground lane. As they /were attempting to make a left turn off of Claiborne Avenue onto La-manche Street they were stuck in the rear by the Wells vehicle.
Defendant claims that the accident occurred as he was proceeding along Claiborne Avenue in the direction of Canal Street in the left lane of traffic and as he approached the Lamanche Street intersection, plaintiffs’ car turned left suddenly in front of him from the right lane of traffic; that he applied his brakes, but struck the left, rear side of the Matthews car.
The question presented for our consideration is one solely of fact. A discussion of some of the more important facts is therefore in order.
Robert Matthews, the driver of the car in which plaintiffs were riding, testified that on the afternoon of February 2, 1967 he left his home on Tupelo Street and drove to the intersection of Tupelo and North Claiborne Avenue. His mother and sister were in the automobile with him, and they were going to a cleaning establishment at the corner of North Claiborne and Lamanche. When he reached the intersection of Tupelo and North Claiborne, which he stated was four blocks from Lamanche, he turned right onto Claiborne and, according to him, moved over into the left or neutral ground lane of traffic. He testified that he stayed in the left lane of traffic all the way to Lamanche Street.
Mrs. Matthews was also inconsistent as to whether she saw Wells’ automobile. In her deposition she said that when they turned from Tupelo onto Claiborne the Wells car was a distance behind them. On cross-examination she didn’t recall seeing the Wells’ automobile when they turned, but saw it about a half block from La-manche Street because it started blowing its horn and kept blowing it until it hit them.
The veracity of Mrs. Matthews was further seriously questioned with respect to her testimony as to her injuries.
*109 Dr. Bernard Richmond testified that he first saw Edwina Matthews on February 9, 1967 for injuries sustained in the accident which occurred on February 2nd. He diagnosed a cervical strain and prescribed physiotherapy in the form of ultra-sound, and medication. Her x-rays were normal. She was seen on the initial visit, February 9th, and then on February 13th, 16th, 20th and on March 6th and 13th. Dr. Richmond testified that on March 13, 1967 Mrs. Matthews was “essentially asymptomatic”. He felt she was able to return to work as of March 13, 1967, and this was the last date on which Mrs. Matthews was seen by Dr. Richmond.
Mrs. Matthews testified on cross-examination that following her first visit to the doctor she was seen by him every day for about a week. After the first week she was treated by the doctor every other day for another week or two weeks. She stated that she was not treated after her discharge date of March 13, 1967. However, in her deposition of July 8, 1968 she stated under oath that she was treated initially by Dr. Richmond for two months, then stopped, and then returned to the doctor for three more weeks of treatment, during which he used a different machine to treat her. Mrs. Matthews again claimed to have been “confused” during her deposition.
George Wells, the driver of the. striking vehicle, testified that he and Theodore Chris, his passenger, had dropped a friend off at her house after school and were heading toward Canal Street on North Claiborne Avenue. Wells was driving a 1967 Dodge Dart at the time. They had been on Claiborne about six or seven blocks and were in the left lane of traffic, next to the neutral ground. He stated that it was raining and that he was driving at a rate of speed between twenty-five and thirty miles per hour. As they approached the intersection of Lamanche Street and were about a quarter of a block from it, a car pulled up on the right, alongside of him. His testimony was that the street was wet and he remembered hearing the sound of the tires on the wet street, but paid no particular attention to the car since it was in the right lane.
Wells further testified that as he was approaching the intersection of North Claiborne and Lamanche Street the vehicle which had been passing him on the right swerved to the left in front of him in a sharp turn. He also stated that he remembered seeing the first one-fourth of the car pass directly in front of him, and that he blew his horn as the car started to come in front of him. He applied his brakes, although there was not much time to do so, and the impact occurred. Wells testified that the front of his car struck the left, rear fender of the Matthews car, i. e., on the side between the left rear wheel and the left rear bumper, and not in the rear of the car as the Matthews’ testimony would indicate..
Theodore Chris, who was a passenger in Wells’ vehicle, testified in complete accordance with Wells’ version of the story. His testimony was that they were proceeding along North Claiborne Avenue in the left lane of travel, that it was raining lightly, and that the traffic was light. He stated that the Matthews vehicle pulled up alongside the Wells vehicle on the right side and as they approached the intersection the other automobile turned sharply in front of them. He also testified that the damage to the Matthews automobile was on the left rear side of the car, behind the rear wheel, and not directly to the rear of the car.
George McKinley, the uncle of George Wells, was called to the scene shortly after the accident. He described the damage to the Matthews vehicle as being to the left, rear fender on the side. He noticed no damage to the direct rear of the Matthews vehicle. The front, right fender and radiator were damaged on Wells’ automobile.
The investigating officer testified that the Matthews vehicle was damaged on the left rear side. He also stated that the debris from the collision was at a point some three feet to the left of the center line of *110 the two lanes of travel. This would put the point of impact at a position which indicates that the left rear fender' of the Matthews vehicle would have been at a point three feet to the left of the center line. This necessarily means that the right rear fender of the Matthews vehicle must have been in the right lane of travel, a position inconsistent with the claim that the Matthews vehicle was at all times in the left lane of travel.
Two photographs of the Matthews vehicle were introduced into evidence to show what damage was done to it. The pictures speak for themselves and they show beyond any doubt that the damage to the Matthews automobile was to the side and not to the rear, thus negating the proposition that the accident was a rear-end collision.
The evidence offered and the testimony given at the trial as outlined in the above paragraphs lead this court to the conclusion that the accident occurred when Robert Matthews made an illegal left turn from the right lane of North Claiborne Avenue into Lamanche Street directly in front of the vehicle being driven by George Wells and we so hold as a matter of fact.
This act was clearly negligence which was the proximate cause of the accident.
In the case of United States Fidelity & Guaranty Co. v. Bergeron, 148 So.2d 162 this Court held as follows:
“ ‘It is hornbook law that a left hand turn across a highway constitutes one of the most hazardous maneuvers that a driver is called upon to perform and he must initially ascertain by careful observation that the maneuver can be executed safely without danger to normal overtaking and on-coming traffic and must yield right-of-way to such vehicles.’ ” (Citations omitted)

“Our statutes provide that no person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in LSA-R.S. 32:101, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. See LSA-R.S. 32:104.
“In addition, our jurisprudence holds that before a motorist may change from one lane to another he must first ascertain the maneuver can be accomplished without endangering either following or approaching traffic. Williams v. Lafauci, La.App., 166 So.2d 42.”
(Scott v. Travelers Insurance Company, La.App., 194 So.2d 154 (1st Cir.1967)
The driver of the Matthews vehicle, Robert Matthews, is not a party to this suit and his negligence is not imputable to his guest passengers who are the plaintiffs in this case. Frey v. Central Mutual Insurance Company, La.App., 150 So.2d 822 (3rd Cir.1963).
Plaintiffs must, however, prove their case by a preponderance of the evidence. In other words, they must prove that George Wells was negligent and that his negligence was the cause of the accident.
It is this court’s opinion that George Wells was not negligent in any manner. It was not incumbent upon Wells to anticipate that Matthews would make a sudden and improper left turn immediately in front of him. We find that the situation that Wells found himself in was that of one who is suddenly confronted with an emergency and does not have a chance to avoid the accident. Scott v. Travelers Insurance Company, La.App., 194 So.2d 154 (1st Cir.1967) supra; Kimball v. Landreneau, La.App., 170 So.2d 665 (1st Cir. 1964).
For the foregoing reasons the judgment of the court a quo in favor of the defendant, Government Employees Insurance Company and against the plaintiffs, Willie Matthews individually and as the natural tutor of and for the use and benefit of his minor daughter, Rose, and Edwina Mat *111 thews, wife of Willie Matthews, dismissing plaintiffs’ suit at plaintiffs’ cost is affirmed. Plaintiffs-appellants are assessed with the costs of this appeal.
Affirmed.