SARTAIN, Judge.
This is an action for personal injuries brought by Mr. John E. Guillory, Jr., arising out of an automobile accident which occurred on Louisiana Highway 182 near Patterson, Louisiana, at about 12:15 p. m. on August 22, 1968.
Defendants are Robert Helms, driver of the other car involved, Cockrell Corporation, owner of that car and Helms’s employer, and The National Surety Corporation, the liability insurer of the Cockrell Corporation’s car. There is no question of coverage at the time of the accident if Helms is held solely responsible for the resulting damages.
The accident occurred' when Mr.' Guillo-ry attempted to make a left turn off of Highway 182 into the parking lot of a grocery store. His car was struck on the left rear side and bumper by the right front bumper and fender of the Helms car as Helms was attempting to pass Guillory.
The trial judge found that, although the defendant may have been negligent in failing to see plaintiff’s turn signal and in attempting to pass illegally, plaintiff was guilty of contributory negligence in failing to ascertain that the left turn could be made safely with respect to following or overtaking traffic from his rear.
We affirm the findings and judgment of the trial court. Since there is no recon-ventional demand in this case, we are only called upon to determine whether the trial judge’s finding of negligence on the part of the plaintiff is manifestly erroneous, for regardless of whether such negligence was the sole cause or only a contributing cause of the accident, the dismissal of plaintiff’s claim must be affirmed.
We think that the correctness of that finding is shown by the plaintiff’s own testimony. His account of his actions proves that he fulfilled only part of the duty which the law imposes on a driver turning left off of a main highway into a private road or driveway. It is clearly required by law that such a maneuver shall only be executed after the driver ascertains that it can be done with reasonable safety. L.R. S. 32:104, subd. A.
Mr. Guillory testified that he was driving about 30 m. p. h. in a 45 m. p. h. zone on his way to the grocery store. About 250 feet from the driveway of the store, he looked in his rear-view mirror and saw the defendant’s car behind him, close to his bumper. Then he turned on his mechanical left-turn signal or indicator and began to slow his car gradually to a speed of about three miles per hour, by deceleration or coasting rather than by braking. As Mr. Guillory commenced his left turn, Mr. Helms, the following driver commenced his *327 passing maneuver and struck the left rear side and bumper of Mr. Guillory’s car. This point of impact is in harmony with Mr. Guillory’s estimate that his car was headed at a 60° angle from the center line as he attempted his turn.
Mr. Guillory stated that there was no on-coming traffic in sight. He stated that he never looked to the rear after first seeing the defendant’s car close behind him 250 feet prior to the store’s driveway, or at least that if he did look, he did not see the defendant’s car. He agreed that if he had looked to the rear again and seen the defendant’s car, he would not have begun his turning maneuver.
On the basis of plaintiff’s own testimony, it is clear that he did not take the necessary precautions to ascertain that his left turn could be made safely and without impeding the flow of overtaking traffic— the only other car on the highway moving in either direction at that point. Signaling for a turn is only part of a left-turning driver’s duty. Before commencing the turn, he must also look to the front and rear for other traffic and if the view of the lanes of traffic to the rear is obstructed, he should determine in some other way that there is no overtaking traffic before attempting the left turn. To look and not to see is equivalent to not looking at all. Jacobs v. State Farm Mutual Automobile Insurance Company, 191 So.2d 908 (1st La.App., 1966) and cases cited therein.
In view of the foregoing, we find no manifest error in the conclusions of the trial judge and are of the opinion that such conclusions and findings are amply supported by the record.
The judgment appealed from is, therefore, affirmed and plaintiff-appellant is ordered to pay all costs of this appeal.
Affirmed.