SARTAIN, Judge.
This is an action for personal injuries and property damage allegedly resulting from an automobile accident which occurred at approximately 6:45 p. m. on Friday, August 7, 1959, near Carville in Iber-ville Parish. The plaintiff had nearly completed a left turn from Louisiana Highway 30 into his brother’s private driveway when the left rear of his 1953 Plymouth station wagon was struck by the left front of a 1957 Pontiac being driven by Feltus Bercegeay, Jr., and insured by the defendant Old Colony Insurance Company.
The trial judge held in favor of the defendant, without assigning written reasons or findings of fact, and dismissed plaintiff’s suit. We affirm the judgment of the trial court.
The record reveals that prior to the accident both drivers were proceeding in an easterly direction on Highway 30, that the speed limit in that area was 60 m. p. h. and that it was dusk but there was sufficient daylight so that automobile lights were not necessary.
Mr. Carville was driving at about 20 to 25 m. p. h. and Mr. Bercegeay was driving at about 55 to 60 m. p. h. and overtaking Mr. Carville. Mr. Carville testified that when he was at least 125 feet from the driveway he looked in his rear-view mirror and saw the headlights of a car about 350 yards behind him. He then stuck out his hand to signal a left turn, reduced his speed and had almost succeeded in driving his car off of the highway when the collision occurred. Apparently, only about one foot of the rear end of his station wagon was still protruding into the highway.
Mr. Bercegeay said he noticed the Car-ville vehicle when he was about 150 feet behind him but did not see the hand signal. He pulled into the left lane for the purpose of passing and increased his speed a bit. Then he saw the brake lights on the car ahead and when Mr. Carville commenced his turn Mr. Bercegeay applied his brakes but could not stop in time to avoid the accident.
On the basis of plaintiff’s own testimony, we find that he failed to ascertain that his left turn could be made with reasonable safety and without impeding the flow of oncoming or overtaking traffic, as was required by L.R.S. 32:236 (1950), and that his failure was a cause of the accident. (The corresponding provision is now L.R.S. 32:104A). Mr. Car-ville only looked to the rear once and then when he was still at least 125 feet from the driveway. It is apparent that his estimate of the distance and speed of the following car was erroneous, since he was in fact overtaken before completing his turn. This court recently held that the failure to look again to the rear immediately before commencing a left turn into a private drive was negligence on the part of the driver which barred his recovery. Guillory v. Cockrell Corporation, 244 So.2d 325 (1st La.App., 1971). That case involved an almost identical fact situation and we made the following statement at page 327:
“* * * it is clear that he (plaintiff) did not take the necessary precautions to ascertain that his left turn could be made safely and without impeding the flow of overtaking traffic — the only other car on the highway moving in either direction at that point. Signaling for a turn is only part of a left-turning driver’s duty. Before commencing the turn, he must also look to the front and rear for other traffic and if the view of the lanes of traffic to the rear is obstructed, he should determine in some other way that there is no overtaking traffic before attempting the left turn. To look and not to see is equivalent to not looking at all. Jacobs v. State Farm Mutual Automobile Insurance Company, *179 191 So.2d 908 (1st La.App., 1966) and cases cited therein.”
Mr. Carville did not look again to the rear after he was at least 125 feet from the driveway; if he had, he would or should have seen the overtaking car pull into the left or passing lane and known that his turn could not be safely made. His failure to do so constituted negligence which was a cause of the accident.
Mr. Carville contends, however, that the doctrine of last clear chance should apply, allowing him to recover notwithstanding his own negligence. The elements of that doctrine must be proven by the party alleging its application and those elements have been firmly established in recent jurisprudence:
(1) the person invoking the doctrine admits negligence and is in a position of peril of which he is not aware or from which he is unable to extricate himself;
(2) the person against whom the doctrine is invoked actually discovered or, by the exercise of reasonable care, should have discovered the peril; and
(3) at the time of the actual or constructive discovery of the first person’s peril, the other person could have avoided the accident.
See Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968); Romero v. Trahan, 246 So.2d 268 (1st La.App., 1971).
Mr. Carville was not in a position of peril until he commenced his left turn, since prior to that time he was entirely in the right lane and Mr. Bercegeay had pulled into the left lane to pass him. As soon as Mr. Carville activated his brake lights and began to turn, Mr. Bercegeay said he applied his brakes but could not avoid impact. The record is in conflict as to the amount of skid marks left by the Berce-geay vehicle. One witness said 100 feet, another witness said 50 feet. The trial judge undoubtedly concluded that Mr. Bercegeay was unable to avoid the accident after discovering Mr. Carville’s peril. We cannot say that such a conclusion on the facts presented is manifestly erroneous. Under these circumstances, plaintiff has not sufficiently proved the necessary elements of the doctrine of last clear chance.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiffs suit is affirmed, at plaintiff-appellant’s costs.
Affirmed.