ELLIS, Judge:
Plaintiff Daniel Eugene Stewart brings this suit for damages for personal injuries and property damage suffered in an automobile accident with Joseph R. Robert. Defendants are Mr. Robert and Travelers Insurance Company, his insurer. After trial on the merits, judgment was rendered in favor of plaintiff for $1,499.98, and defendants have appealed.
Plaintiff testified that he was driving on a gravel highway, intending to turn left into a private driveway leading to his place of employment. When he was about 100 feet from the driveway, he stated that he actuated his left turn indicator. Immediately before he began his turn, he testified that he glanced into his rear view mirror and saw the defendant’s car behind him in his lane of traffic, apparently making no attempt to pass. He began his left turn and *140 had just entered the driveway when he was struck behind his front door by defendant’s vehicle. The point of impact was just at the edge of the highway.
Mr. Robert testified that he was behind plaintiff’s vehicle going 30 to 35 miles per hour, and that he wished to pass. He saw no signal or other indication that plaintiff was going to turn. He testified that he pulled out to pass, and, that when he was about 75 feet behind plaintiff, he saw plaintiff begin his left turn. He thereupon applied his brakes, but was unable to avoid the collision. According to the investigating officer, defendant left 29 paces of skid marks, all in the passing lane.
The district judge found that the proximate cause of the accident was the negligence of defendant in not keeping a proper lookout and driving at an excessive rate of speed under the circumstances. He further found that plaintiff was reasonable in his belief that the turn could be made in safety, and therefore not guilty of contributory negligence.
The respective duties of the vehicles involved in a passing situation or a turning situation are clearly defined in our law. R.S. 32:104(A) provides as follows:
“A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
R.S. 32:75 provides as follows:
“No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle pro-, ceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.”
A motorist who is about to execute a left turn has a duty to observe traffic approaching from the rear, and cannot execute his turn until it can be done with safety. In Breland v. American Insurance Company, 163 So.2d 583 (La.App. 2 Cir. 1964), the court said:
“In judging whether a left turn can be made in safety, a motorist has the unquestioned right to assume that the following traffic will observe all of the duties imposed upon it by law and common sense, such as that the following traffic is proceeding within the speed limit, will not pass at an intersection, and will not pass over a double yellow line, and is, moreover, keeping a proper lookout.”
Obviously the trial judge must have accepted plaintiff’s testimony in its entirety in order to reach his conclusion. This testimony shows that, at the time plaintiff commenced his turn, his left turn indicator had been flashing for 100 feet, and there were no vehicles attempting to pass. Defendant’s vehicle was still in its right hand lane. Under those circumstances, it would have been reasonable for plaintiff to conclude that the turn could be made in safety.
By the same token, defendant should have seen the left turn -indicator flashing and slowed down so as to permit plaintiff to turn without interference.
We cannot say that the trial judge was manifestly erroneous in reaching his factual conclusions, or in accepting plaintiff’s testimony and rejecting that of defendant.
We therefore find that defendant was guilty of negligence proximately causing the accident, in failing to observe *141 plaintiff’s left turn indicator, and in failing to permit plaintiff to make his turn without interference. We further find that plaintiff was free from contributory negligence, since it was reasonable under the circumstances for him to assume that the turn could be made in safety.
The judgment appealed from is therefore affirmed, at defendant’s cost.
Affirmed.