SARTAIN, Judge.
This action arises out of a collision between a vehicle executing a left turn into a private driveway and a following vehicle attempting a passing maneuver. Plaintiffs are the insurer and the insured, who seek to recover the collision loss and deductible portions thereof, respectively, sustained by the vehicle attempting the left turn. The trial judge held that the operators of both vehicles were at fault and denied plaintiffs’ claims. We affirm.
The accident occurred on March 1, 1970, at 9:30 P.M. o’clock in St. Tammany Parish. Mrs. Eva Marques was proceeding west on Louisiana Highway 1092, driving a 1969 Fiat automobile owned by Dianne L. Emmer and insured by The American Road Insurance Company. She testified that she had just left a private residence about one mile east of the scene of the accident and realized that she had forgotten something there and was intending to turn around and return. She stated that as she approached a cabinet shop located to her left or on the south side of Highway 1092, she activated the vehicle’s left turn indicator and just as she commenced her turn, her vehicle was struck near its left door by the right- front portion of the defendant’s vehicle. She acknowledged that she was aware of lights to her rear, “but he was far enough behind.”
Defendant’s version is that he was traveling west and as he first approached the Fiat, he observed that its lights were not on and concluded that it was unoccupied. He claims that he then pulled into the passing lane when suddenly the lights of the Fiat were turned on and it suddenly *541 commenced its turn into the driveway. He immediately applied his brakes but could not avoid the collision.
Mrs. Marques denied that her lights were off at any time. There was testimony that the left rear lights of the Fiat had been damaged in a previous accident and that the red glass cover was broken.
Defendant’s version of the accident was corroborated by one of his guest passengers.
A Trooper with the Louisiana State Police testified that defendant’s vehicle left an estimated one hundred forty feet of skid marks, commencing in the regular lane and terminating in the passing lane. In all other respects his testimony is of little value as he was obviously confused about the direction the vehicles were traveling and the damage sustained by each. He did not check the Fiat vehicle to determine whether the left rear lights were operative.
The trial judge stated in his oral reasons for judgment that: “this is a typical left-turn passing maneuver in which the party trying to pass didn’t observe the blinking lights and the car (Fiat) didn’t observe the lights passing so the court finds negligence and contributory negligence”. We find no manifest error in this conclusion.
It is well settled law that left turns are extremely dangerous and it is incumbent upon a motorist attempting such a maneuver to not only signal his intention to do so, but also to be alert to oncoming and overtaking traffic, and not attempt such a maneuver unless it can be accomplished with reasonable certainty. L.R.S. 32:104(A); Husser v. Bogalusa Coca Cola Bottling Company, 215 So.2d 921 (1st La.App., 1968); and Thigpen v. Aetna Casualty & Surety Company, 201 So.2d 525 (1st La.App., 1967).
Mrs. Marques’ knowledge that there was a following vehicle required that she not only signal her intention to turn left but' continue to ascertain whether she could do so with reasonable safety right up to the moment of turning. By her own testimony, she failed to do this and just assumed that the following motorist was far enough back to permit her to turn safely. Her failure to do just this was fault on her part and was a contributing cause of the accident. Carville v. Old Colony Insurance Co., 250 So.2d 177 (1st La.App., 1971).
Inasmuch as we have affirmed as to Mrs. Marques’ negligence, it is not necessary that we address ourselves to the question of the negligence of the defendant.
Appellants have cited the recent case of Stewart v. Robert, 262 So.2d 139 (1st La.App., 1972), en banc hearing denied May 29, 1972; writs refused 262 La. 470, 263 So.2d 728; wherein we affirmed a district court decision exonerating a motorist executing a left-turning maneuver. In response, it suffices here to say that each case must stand on its own facts. In Stewart, there were only two witnesses, the drivers of the vehicles involved. The trial judge, after hearing their respective testimony, held that the left-turning motorist had given the overtaking motorist ample warning of his intention to turn and that the latter was negligent in not observing his signal. It was a question of fact, determined by the trial judge, and we, though not unanimous, held that his decision was not manifestly erroneous. Similarly, the issue here is one of fact and the judge a quo held that both drivers were guilty of negligence. Under the facts aforementioned we are not in a position to say, nor do we care to do so, that his determination of fact herein is manifestly erroneous.
For the above reasons, the judgment appealed is affirmed at appellants’ costs.
Affirmed.