SARTAIN, Judge
(dissenting).
I must respectfully dissent from the majority holding in this cause for the reason that I deem it to be a conscious departure from the law and the established jurisprudence of this state. The facts set forth in the majority opinion are correctly stated. However, under these facts the majority has held that the instant case justifies an exception to the general rule announced in American Road Insurance Company v. Brown, 269 So.2d 539 (1st La.Appeal, 1972). In Brown, it was again stated that left turns are extremely dangerous and it is incumbent upon a motorist attempting such a maneuver not only to signal his intention to do so, but also to be alert to oncoming and overtaking traffic, and not attempt such a turn without first ascertaining that the movement can be made with reasonable safety. This rule follows the mandate found in L.R.S. 32:104(A), which reads as follows:
“A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.’’ (Emphasis added)
The majority opinion accepted plaintiff’s version of the accident and stated:
“The plaintiff testified that he did not check action of traffic to his rear prior to commencing his left turn. He was not aware of the presence of defendant in the passing lane until defendant collided with his car.”
The trial judge in finding the plaintiff guilty of contributory negligence stated in *235 his oral reasons for judgment that Mr. Wilson:
“ . . . did not look before he made his turn. That is his testimony, and unfortunately the defendant was there, and had he (Mr. Wilson) looked, he would have seen him (Mr. Jones) coming around and the accident wouldn’t have happened ...”
In each and every case that I have reviewed where a left turning motorist has been held free of contributory negligence, the court specifically found that the left turning motorist had made his move after he had determined that it could be made with reasonable safety as required by L.R. S. 32:104(A). In Newman v. Southern Farm Bureau Casualty Insurance Company, 110 So.2d 816 (1st La.App., 1959), we found that the left turning motorist was observant of the approaching vehicle and “could reasonably assume that he could safely make the left hand turn . . . ”. In Hudgens v. Mayeaux, 143 So.2d 606 (3rd La.App., 1962), the court held that the left turning motorist had made “adequate observation”. In Faulkner v. Ryder Tank Lines, Inc., 135 So.2d 494 (2d La.App. 1961, writs denied), the court found that the plaintiff had observed defendant’s truck and traffic conditions generally to her rear and was thereby “justified” in relying upon the assumption that the offending vehicle was not travelling at an excessive rate of speed, would not recklessly cross a double yellow line, and would not attempt to pass at an intersection. In Green v. Plummer, 119 So.2d 862 (1st La. App., 1960), we held that the left turning motorist had “exercised the ordinary care required of a driver”.
This is why I cannot agree where the majority says:
“We hold that a motorist at an intersection controlled by a traffic light, insofar as the movement of trailing vehicles are involved, has the right of way and in the exercise of this right of way may make a left turn without first determining that such a turn does not impede the progress of a vehicle to his rear.” (Emphasis added)
and must enter this dissent.