GULOTTA, Judge.
Defendants, Richard Lewis and Continental National American Insurance Company, appeal from a judgment awarding plaintiffs, George McIntosh (driver of the car) $2,500 in general damages, and his brother Joe McIntosh (owner of the car) $1,500 in automobile damages as a result of an accident which occurred on July 5, 1970, at 3 :40 a. m. on Hwy. 1, a two-lane blacktop road in Grand Isle, Louisiana. The McIntosh and Lewis vehicles were traveling in the same direction. The Lewis vehicle was some distance behind the McIntosh vehicle.
Plaintiffs maintain that just as McIntosh started to negotiate the turn, Lewis hit his vehicle from the rear.
On the other hand, defendants maintain that the accident occurred when plaintiff attempted to turn left into a private driveway immediately in front of defendant after the defendant had started to pass.
On appeal, defendants concede the negligence of Lewis; however, they seek to bar plaintiff’s recovery contending McIntosh was guilty of contributory negligence. Defendants assert, citing American Road Ins. v. Brown, 269 So.2d 539 (La.App. 1st Cir. 1972); Scrantz v. Aetna, 281 So.2d 820 (La.App. 1st Cir. 1973), and Ulmer v. Travelers, 156 So.2d 98 (La.App. 1st Cir. 1963), that the plaintiff had a duty not to negotiate a left turn until he had ascertained that he could do so in safety while being alert to ontaking traffic.
Defendants point to the testimony of the plaintiff that despite the fact that he had noticed defendant’s vehicle approaching *191 from the rear, plaintiff failed to look again into his rear-view mirror immediately prior to initiating the turn. Defendants maintain that had the plaintiff looked, he would have seen the defendant as he started to pass. In failing to so look, defendants claim the plaintiff was guilty of contributory negligence.
The trial judge concluded that this accident resulted from a rear-end collision, that the defendant was not engaged in a passing maneuver immediately prior to the collision, and that defendant’s negligence was the sole and proximate cause of the accident. In his reasons for judgment, the trial judge stated:
“McIntosh had planned to turn left off of Highway 1, and had his turn blinkers on. Just as McIntosh’s car went into its turning maneuver, Lewis’ car crashed into its rear end. At the time of impact, the left front of McIntosh’s car had slightly crossed the center line of the highway.”
He further stated Lewis had admitted having a “few beers” that night and that an independent witness had testified that immediately prior to this accident defendant had forced his car off the road.
The judgment is based on a credibility determination by the trial judge. In s'uch instance, great weight is afforded to these findings of fact and will not be disturbed absent manifest error. The record clearly supports the factual conclusion of the trial judge that defendant’s negligence was the sole proximate cause of the accident.
Accordingly, the judgment is affirmed.
Affirmed.
LEMMON, J., concurs with written reasons.